EDWIN D. WHEELOCK *vs.* GLOBE CONSTRUCTION COMPANY & others.

Suffolk.    March 13, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Contract*, Construction.    *Agency*, Commission.    *Equity Jurisdiction*, To reach and apply equitable assets.

In a suit in equity in which the plaintiff sought to recover from a construction company a commission upon the sale of certain railroad bonds by the defendant, it appeared that the plaintiff made the following offer in writing which was accepted in writing by the defendant : " On your request I will go East and work in connection with E. in placing $1,200,000 bonds of the D. R'y Co. you to pay the expenses of my trip and of my necessary stay in the East, and to allow me a net commission of one per cent on the face value of the bonds placed." The plaintiff went to work with E., who was the president of the railroad company, and the two continued their efforts for a considerable time with a fair prospect of success, when E. completed a contract for a sale of the bonds to the amount of $866,000. The plaintiff personally had no negotiations

with the purchaser, and the sale was completed by E. alone. *Held,* that the contract contemplated joint efforts in a common cause, with a commission to the plaintiff upon all the bonds that were sold as a result of these efforts, whether the negotiations for a particular sale were conducted by the plaintiff or by E., and that by the terms of the contract the plaintiff was entitled to a commission of one per cent on the face value of the bonds sold as above.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply in payment of an alleged debt to the plaintiff the purchase price of certain railroad bonds which was alleged to be due to the principal defendant from the other defendant, it appeared that at the time of the filing of the bill there was merely an executory contract between the two defendants for the sale and purchase of the bonds whereby the defendant purchaser was bound to take and pay for the bonds as they were delivered from time to time upon the completion of each five miles of the railroad, but that after the filing of the bill and before the hearing of the case the defendant purchaser had received all of the bonds called for by the contract of purchase and was indebted to the principal defendant in a sum more than sufficient to satisfy the plaintiff's claim. *Held,* that at the time of the commencement of the suit "there was no property, right, title or interest, legal or equitable" of the principal defendant in the hands of the defendant purchaser, and that the fact that at the time of the hearing there was money in the hands of the defendant purchaser due to the principal defendant as the price of the bonds was immaterial.

BILL IN EQUITY, filed in the Superior Court on June 19, 1902, against the Globe Construction Company, a corporation organized under the laws of the State of Iowa, and certain persons constituting the partnership of George A. Fernald and Company, to establish a debt due to the plaintiff from the defendant corporation as a commission for work in connection with one E. S. Ellsworth in placing certain bonds under a contract in writing, which is quoted in the opinion, and to reach and apply in payment of such debt any sums of money due to the defendant corporation from the other defendants by reason of the contract of the partnership to purchase the bonds in question.

In the Superior Court the case was heard by *Fessenden, J.,* who made the following findings of fact:

"I find that the plaintiff was a broker in investment securities, residing in Chicago, Illinois; and that he made a contract in writing with the defendant, the Globe Construction Company, in said Chicago, a copy of which is hereto annexed. [This is the contract quoted in the opinion.]

"Within a few days after the making of this contract and in pursuance thereof and at the request of the Globe Construction Company, the plaintiff went to New York and there saw various bankers and other persons in reference to the purchase of the

bonds of the Des Moines, Iowa Falls and Northern Railway Company.

" E. S. Ellsworth, mentioned in the contract, was the president of this Railway Company. The Globe Construction Company was engaged in constructing the railroad of the Railway Company and was entitled to its bonds in instalments of $70,000 upon the completion of each five-mile section in payment for the construction. Ellsworth was authorized by the Globe Construction Company to act for it in placing its bonds.

" Ellsworth made three or four visits to New York and was introduced by the plaintiff to parties with whom the plaintiff was in communication with reference to selling the bonds, and on such visits conferred with the plaintiff in reference to the sale of the bonds.

" About January 26, 1902, Ellsworth commenced negotiations for the sale of the bonds with George A. Fernald and Company of Boston, and on February 1, 1902, George A. Fernald and Company agreed to purchase and did subsequently purchase eight hundred and sixty-six of the bonds. The plaintiff had no negotiations with George A. Fernald and Company and the sale to them was effected entirely by Ellsworth.

" During the time of the negotiations with George A. Fernald and Company of Boston, and after his arrival at New York, the plaintiff was carrying on negotiations with parties in New York and in correspondence with Ellsworth and the officers of the Globe Construction Company and was working in connection with said Ellsworth within the meaning of the contract as construed by me. There was a reasonable prospect of his succeeding in selling the bonds. On February 8, 1902, the plaintiff was informed by the Globe Construction Company that the bonds had been placed and his services were no longer needed.

" The plaintiff has been paid an agreed sum for his expenses, and $400 more.

" The defendant asked me for a ruling that on all the evidence the plaintiff was not entitled to a decree against the defendant the Globe Construction Company, and for a ruling that on the contract hereto annexed the plaintiff could not recover, unless he effected the sale of the bonds. Both these rulings I declined to give, and ruled that under the construction of the above contract

the plaintiff was entitled to a commission of one per cent on the bonds placed with George A. Fernald and Company, less the sum of $400, which he received under an agreement to credit on account of commissions.

" I find that at the date of the suit and of the service of the subpoena and on the date of the interlocutory decree, the Globe Construction Company was indebted to George A. Fernald and Company, but that previous to those dates Fernald and Company had agreed in writing with the Globe Construction Company to purchase from it and the Globe Construction Company had agreed in writing to sell to George A. Fernald and Company all the bonds of the Des Moines, Iowa Falls and Northern Railway Company which it had not then sold, which amounted, as a matter of fact, to $866,000 face value, the bonds to be delivered as received by the Globe Construction Company in instalments of $70,000 on the completion of each five miles of the railroad, and paid for by Fernald and Company by sight draft.

" After the date of the service of the subpoena and the date of the interlocutory decree, and before the hearing, George A. Fernald and Company received under their contract all of the bonds, for which they became indebted under the contract to the Globe Construction Company in a sum sufficiently large to repay in full the amount due to George A. Fernald and Company and to pay the amount decreed to be due to the plaintiff in this case.

" No evidence was introduced to show the value of the rights of the respective parties under the agreement between the Globe Construction Company and George A. Fernald and Company."

The judge made a final decree that the defendant the Globe Construction Company pay to the plaintiff the sum of $9,994, being the amount of the indebtedness decreed to be due from the defendant to the plaintiff after adding interest thereon to the date of this decree, and that the bill be dismissed as to the defendants constituting the partnership of George A. Fernald and Company.

Both the plaintiff and the defendant corporation appealed from the decree.

*C. A. McDonough & C. H. Fiske, Jr.*, for the plaintiff.

*C. K. Cobb*, for the defendant corporation.

KNOWLTON, C. J.   The contract on which this bill was brought is as follows:

" Chicago, Ill, Oct. 14th, 1901.
" Jacob A. Henry, Esq.,
  " Financial Agent
      Globe Construction Co.
" Dear Sir:
  " On your request I will go East and work in connection with Mr. E. S. Ellsworth in placing $1,200,000 bonds of the Des Moines, Iowa Falls & Northern R'y Co. you to pay the expenses of my trip and of my necessary stay in the East, and to allow me a net commission of one per cent on the face value of the bonds placed.
          " Yours truly,
              " Edwin D. Wheelock.
" The above proposition accepted.
              " Globe Construction Co.
                  by J. A. Henry,
                  Treasurer & Financial Agent."

The plaintiff went to work with Ellsworth, who was the president of the railroad company, and the two continued their efforts for a considerable time with a fair prospect of success, when Ellsworth completed a contract for a sale of the bonds to the amount of $866,000 to the defendants George A. Fernald and Company. The plaintiff personally had no negotiations with Fernald and Company, and the sale was completed by Ellsworth alone. The principal question is whether the plaintiff is entitled to compensation, according to the terms of the contract, for bonds sold by either or both of them while they were working together, or only for those which he sold personally, or in the sale of which he personally participated.

We are of opinion that the contract contemplated joint efforts in a common cause, with a commission to the plaintiff upon all the bonds that were sold as a result of these efforts, without reference to which of them conducted the negotiations for a particular sale. This seems to result from the use of the words, " work in connection with Mr. E. S. Ellsworth in placing," with a stipulation for the payment of a commission " on the face value of the bonds placed." The defendants' appeal is not well founded.

At the time of the commencement of this suit there was no "property, right, title or interest" of the Globe Construction Company in the hands of George A. Fernald and Company that could be affected by such a suit. There was merely an executory contract between them, whereby Fernald and Company were bound to take bonds and pay for them by a sight draft on delivery. There was no evidence to show the value of the rights of the respective parties under this agreement. The Globe Construction Company would not be entitled to anything from Fernald and Company without giving them bonds which, so far as appears, were worth the price to be paid for them. Fernald and Company were not entitled to any bonds without paying for them their full value on delivery. The case is similar to *Pettibone* v. *Toledo, Cincinnati & St. Louis Railroad*, 148 Mass. 411, 419.

The fact that money belonging to the other defendant is now in the hands of Fernald and Company, and is due as the price of the bonds, is immaterial. It is a condition that has arisen independently of any rights secured by the service of process in this suit.

*Decree affirmed.*

