JOSEPH SHAPIRO, RESPONDENT, v. MINNIE K. CANADA, APPELLANT.

Submitted April 3, 1925—Decided July 27, 1925.

A writing in the following words: "The undersigned agrees to pay a commission of three and one-half per cent. for his services of sale of my property located at No. 65 Shepard Avenue, Newark, New Jersey, to T. Grunt, which sale already has been made," signed by the owner, but addressed to nobody and mentioning no broker, is not sufficient to satisfy section 10 of the statute of frauds (*Comp. Stat., p.* 2617), as amended by *Pamph. L.* 1918, *p.* 1020, requiring that the authority for selling real estate be in writing, or the authority recognized in writing, whether or not such writing is signed by the owner before or after such sale has been effected.

On appeal from the First District Court of the city of Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Levy, Fenster & McCloskey* and *Matthew J. Reilly.*

For the respondent, *Isadore H. Colton.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment rendered by the judge of the District Court, sitting without a jury, in an action brought by the plaintiff-respondent, a broker, against the defendant-appellant, to recover commissions for the sale of real estate of the latter.

We are of the opinion that the judge erred in holding that the memorandum upon which the action is based complied with the statute of frauds, and, consequently, in finding for the plaintiff.

The memorandum is as follows:

"May 1, 1924.

The undersigned agrees to pay a commission of 3½% for his services of sale of my property located at No. 65 Shepard Avenue, Newark, N. J., to T. Grunt, which sale already has been made.

MINNIE K. CANADA."

The pertinent part of the statute which defendant at the trial contended, and now contends, precludes recovery, is as follows:

"No broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent, or the authority of the broker or real estate agent to make a sale or exchange of such land, is recognized in a writing or memorandum signed by the owner or his authorized agent, whether or not such writing or memorandum is signed by said owner or agent before or after such sale or exchange has been effected, and the rate of commission on the dollar shall have been stated therein; * * * ." *Comp. Stat., p.* 2617, § 10, as amended by *Pamph. L.* 1918, *p.* 1020.

Now, it will be seen that the writing or memorandum in question did not purport to confer, and did not confer, any *authority upon the plaintiff* to sell the real estate in question, nor was such *authority recognized* thereby, and we think that this case is controlled by the principles laid down in *Heyman* v. *Stopper* (1913), 85 *N. J. L.* 128; *affirmed,* 86 *Id.* 357, where a writing, similar in all essential respects, was under consideration. There Mr. Justice Voorhees, speaking for the court, said:

"I find *no authority* in it [the writing] for selling or exchanging this land, *nor is the authority* of any broker or real estate agent *recognized* by it. There is, in my opinion, no written authority for *any broker* to sell the land. *Is this made good by the fact that the writing was delivered to a*

*certain broker? It strikes me not,* for the act says that 'no person shall be entitled to any commission unless his authority for selling is in the writing, and his authority to make a sale is recognized in the writing.' I fail to find these necessary preliminary steps in the writing."

In that case, as in this, the writing was not addressed to anyone, nor was any broker mentioned therein. True, in that case the memorandum was given before the sale was made, while in this case the memorandum was given after the sale. But this fact makes no substantial difference, because the act of 1918 provides that the authority must be given or recognized in a writing "whether or not" signed "before or after" such sale has been effected.

The judgment below will be reversed and a new trial awarded.