THOMAS, Respondent, v. MORRISTOWN STATE BANK et al, Appellants.

(221 N. W. 257.)

(File No. 6279.   Opinion filed Sept. 29, 1928.)

502

*Morrison & Skaug,* of Mobridge, for Appellants.
*C. G. Carrell,* of Lemmon, for Respondent.

BURCH, P. J.  This action is brought by Edward Thomas, in his official capacity as administrator of the estate of Eliza Ann Wartnaby, deceased, against the Morristown State Bank and H. W. Batzer, its cashier, for conversion of a certificate of deposit for $1,290.80 and interest claimed to be the property of the estate and for expense in pursuit of the property and punitive damages. The defense will hereafter appear. The trial was to a jury, and a verdict was returned for plaintiff for the sum of $1,526.64. Defendants appeal from the judgment rendered thereon and from an order denying a new trial.

On August 30, 1922, the Morristown State Bank of Morristown, S. D., issued a certificate of deposit to Eliza Ann Wartnaby for a deposit of money then made. Eliza Ann Wartnaby died in

Jo Daviess county, Ill., December 27, 1923, and on the 28th day of January, 1924, Edward Thomas was appointed administrator of her estate by the county court of said Jo Daviess county. After her death this certificate came into the hands of her administrator as a part of her estate, whereupon he sent the certificate to the Morristown State Bank for payment and remittance to him. The bank received the certificate and retained it, but, instead of remitting the money due thereon, sought to apply it on an indebtedness due the bank from Edward Thomas, in his individual capacity, but not on a debt for which deceased was in any way liable. The action of the bank in thus attempting to apply the certificate on the personal indebtedness of Edward Thomas, constitutes the act of conversion by the bank, and the cashier, Batzer, is sought to be held because he was the agent who performed the act.

As one defense, appellants allege the money deposited was in fact the property of Thomas; that the certificate was issued to Mrs. Wartnaby, his mother, for convenience; that Thomas made the deposit himself and represented he was the owner and obtained credit by reason of such claim; that he was at all times the owner of the deposit, and the deposit was at no time and is not now a part of the estate of deceased. We do not think this has been established and this defense need not be further considered.

The principal defense, and the one upon which appellants must prevail, if at all, is that Thomas is the sole heir and distributee of all the estate of deceased; that there are no debts or unpaid claims against the estate; and that all of the money due upon the certificate is the property of Thomas as such heir and due to him from the administrator as his distributive share, and therefore subject to be applied upon his debt. It is alleged that Thomas is insolvent, and if he be permitted as administrator to collect and return the money to Illinois as administrator, and there distribute it to himself, that the debt due the bank cannot be collected.

Respondent takes the position that since he sues as administrator, having title and right of possession subject to the control and orders of the county court of Jo Daviess county, the circuit court of this state cannot inquire into the claims against the estate of deceased or determine the heirs of deceased for any purpose; that no set-off can be allowed in a suit by the administrator for a debt not owing from deceased; that determining the heirs of de-

ceased and the claims against her estate are matters in the exclusive jurisdiction of the county court of Jo Daviess county, and therefore appellants cannot inquire into such matters to establish a defense against his suit brought in his official capacity as administrator. The trial court took respondent's view and excluded all evidence offered to prove that Thomas was the sole heir and that there were no debts to be paid from the money sought to be recovered.

It may be conceded that the circuit court cannot, under the circumstances of this case, determine the debts against the estate for the purpose of administration, or determine the heirs of deceased for the purpose of distribution, as those matters are directly involved in the administration of the estate in the county court appointing the administrator. But in an action in the circuit court to subject the interest of an heir in inherited property to the payment of his debts, if, to determine superior rights of other heirs or creditors of the estate, it becomes necessary to know who are the heirs and creditors of the estate in order that the circuit court may function in the matter within its jurisdiction, it can certainly ascertain those facts. Neither court has a monopoly of the facts. Each court may have independent and exclusive jurisdiction over subject-matters where the judgment of each may depend upon some facts common to both. Respondent here sues to recover money belonging to an estate; if under any and all circumstances he is entitled to recover estate money, then the important facts are that the property belongs to the estate and that he is the administrator. On the other hand, if he is not entitled to recover (although he is the administrator and the money belongs to the estate), unless there are claims to be paid or distributees other than himself, then the court, to decide his right to recover, may inquire into those facts, not to adjudicate the claims, or determine the distributees, which is the function of the county court, but to determine his right to recover the judgment he is seeking in the circuit court. As a matter of comity, if it is made to appear to the circuit court of this state that the county court of Illinois has determined the claims against and the distributees of the estate of deceased, the circuit court of this state ought to accept the determination of the county court of Illinois. But unless and until the circuit court is shown that the Illinois court has determined such

questions and how it has determined them, it should admit any competent evidence offered relating to the proof of such questions, and proceed to determine them for itself so far as material to the controversy before it.

Before discussing appellant's position in this case, it will be well to consider the principles governing an attempt by a creditor to seize the interest of an heir and subject it to the payment of his debt to such creditor. Inherited property, after administration and distribution to the heirs, is, of course, subject to seizure as any other property. But before and pending an administration of the estate, the seizure of an unascertained interest of an heir by his creditors, if it can be done, must of necessity be affected by intervening and superior rights of the administrator, creditors of the deceased, claims against the estate and other heirs.

At common law the title to real estate passed directly to the heirs at law or devisees upon death of the ancestor, and consequently an heir's interest in real estate might be attached immediately upon the death of the testator, subject, however, to the rights of the administrator in case such land is needed for the payment of debts. 11 R. C. L. 283, § 325; Hyde v. Barney, 17 Vt. 280, 44 Am. Dec. 335 and note.

On the other hand, the title to personal property passed directly to the personal representative (executor or administrator), who had the right of possession not to be interfered with by attachment. In South Dakota, California, and perhaps some other states, personal property now descends, as in case of real estate, direct to the heir or legatee subject to a qualified right in the personal representative for purposes of administration, Murphy v. Crouse, 135 Cal. 14, 66 P. 971, 87 Am. St. Rep. 90, and modern practice permits garnishment of the property in the hands of the personal representative after the administration has been completed and an order of distribution made, Richards v. Griggs, 16 Mo. 416, 57 Am. Dec. 240, and the unascertained distributive share has been held subject to foreign attachment, Stratton v. Ham, 8 Ind. 84, 65 Am. Dec. 754. Courts of equity may at all times by appropriate action, having due regard for the rights of third persons, control the interest of the heir so that it may eventually be reached by his creditors. Note 44 Am. Dec. 340; Lang v. Brown, 21 Ala. 179, 56 Am. Dec. 244; note 27 L. R. A. 113.

Restrictions upon the seizure of the unascertained interest of an heir or legatee before or during process of administration are not for the benefit of the debtor heir, but to guard the rights of others having primary and superior right to the estate of the deceased. The primary object of administration is to collect the assets of an estate and pay the claims chargeable against such estate, and secondarily to determine the persons to whom any residue of the estate belongs and deliver it to them. When there are no claims against the estate to be paid, the administrator has only the naked legal title to the personal property with the beneficial interest in the distributees. This title is sufficient to support an action for possession in favor of the administrator against intermeddlers and persons having no interest in the property, but not sufficient to support such action against persons entitled to reach and subject such property to the payment of claims against the distributees. In such case the only object in giving to the administrator possession is to enable him to distribute the property. His naked legal title is not prejudiced by a proper application of the property by a court of equity or other legal proceeding effecting the distribution that would otherwise be required of the administrator. There is by such action no unreasonable interference with the due administration of the estate.

Applying these principles to the case at bar, this situation appears: A foreign administrator comes into a court of this state having jurisdiction in equity, seeking to recover a judgment for and on behalf of an estate of a deceased person. Defendants say they have a claim against the administrator in his personal and individual capacity in excess of the amount sought to be recovered; that there are no claims against the estate to be paid; that such administrator is the only heir and is the sole distributee; and that he is insolvent. If this is true, he ought not to collect the money in the hands of defendants, take it to the state of Illinois, and there pay it to himself, thus placing it beyond their reach to satisfy their claim against him.

Since the right to subject the interest of Thomas to the payment of his debt to the appellant bank exists, there remains for our consideration only a question of procedure: Did the bank take necessary and proper steps to secure its rights? The bank had the money in its possession, and therefore could not garnish it. It

was not a creditor of the estate and could not sue out letters of administration. If it had been Thomas' money in the first instance, the bank would have had a right of set-off if sued by Thomas. Because it was originally estate money, it was subject to the right of the administrator to take it for payment of claims against the estate, but to the extent of the interest of Thomas it could be seized by the bank. The bank undertook to do this by holding the money and applying it on Thomas' debt. When sued by Thomas in his official capacity as administrator, the bank answered alleging the facts heretofore set out as a defense and asked affirmative relief, seeking through the court to have the money applied to its debt and the certificate canceled.

If the bank can justify its act, it is by virtue of its claim against Edward Thomas as the sole heir and distributee of the estate. If by virtue of its claim the bank could have made a valid attachment of the money and thereby have defeated this action in trover for conversion, by the same right it ought to be able to defeat the action when its position enables it to satisfy its claim from the fund without resort to attachment. The right to apply the money on the heir's debt supports the right to retain the money lawfully in its possession and makes the retention lawful as effectually as would such right support an attachment, and make the attachment lawful.

The trial court should have received evidence on the issue of whether or not there were any debts of the estate to be paid and who were the distributees of the residue of the estate. If it appeared that Edward Thomas was entitled to all or any part of it as heir or legatee, then the right claimed by the bank should have been tried, and if found in favor of the bank, such right would constitute a defense to the suit of the administrator in trover for conversion.

To avoid confusion, we call attention to the parties in this suit and the issues between them. The suit is by the administrator, who sues for conversion. If the bank lawfully retained and applied the money, that is a defense to his action, but Edward Thomas in his individual capacity is not a party and his rights as such cannot be determined. Thus the situation may arise whereby the bank may have to establish its claim against the heir in a suit by the administrator, which will not be an adjudication against the

heir in a suit by him. For this reason the defendants are not entitled to affirmative relief canceling the certificate of deposit and confirming the payment of the money on the heir's debt, but are confined to their defense against conversion. Thomas is not a resident of this state and has submitted to the jurisdiction of the courts of this state only the issues involved in his action as administrator and affecting his rights as administrator.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.