Mrs. Amm obtained a final decree of divorce in 1919. There was no alimony; her husband was a non-resident. Recently an uncle of the husband, a resident of New York, died, intestate, possessed of a large estate in which the husband has a one-seventh interest. The estate is being administered in New York. Part of the estate consists of thirty thousand shares of the Standard Oil Company, a New Jersey Corporation, standing on the books of the company in the name of the deceased uncle. Upon a post-decree petition in the divorce suit, for alimony, a writ of sequestration issued to a master, who returned the writ that he had "sequestered all the right, title and interest of the defendant, Charles J. Amm, in and to all the goods, chattels, and personal estate, moneys, effects, rights and credits whatsoever of which James Amm died possessed, then in the actual possession or control of the said Standard Oil Company of New Jersey, and particularly thirty thousand shares of stock of the said Standard Oil Company of New Jersey, then in the name of James Amm, deceased." In the order for the writ, the foreign administrator and the New York Bank and Trust Company, custodian of the certificates for the thirty thousand shares, were restrained from turning over to the husband any of the estate to which he may be entitled, which may have its situs in the State of New Jersey; and the Standard Oil Company was enjoined "from transferring any of the stock standing in the name of James Amm [the uncle] or in the name of Ralph Blodgett, administrator of the estate of James Amm, deceased, or in the name of the New York Bank and Trust Company, in which the defendant, Charles J. Amm [husband] may have an interest, or which may belong to the estate of James Amm, deceased, and further *Page 187 
be restrained from paying any dividends thereon to any other person."
The Standard Oil Company moves to vacate the restraint. The restraint should not have issued.
The Standard Oil Company is not a party to the action. An injunction against a person not a party to the suit is void.Schalk v. Schmidt, 14 N.J. Eq. 268.
The levy under the writ of sequestration was abortive. The husband had no seizable right, title or interest in property of his deceased uncle's estate. His interest is only a distributive portion of the estate, in the jurisdiction where it is being administered, under its statutes relating to distribution of decedents' estates. The stocks are an integrant part of the estate, the title to which and all the rights and interests, though they have a situs in this state (Pilger v. UnitedStates Steel Corp., 102 N.J. Eq. 506), are in the New York administrator. There was nothing to attach to give this court the limited jurisdiction over the defendant, essayed by the writ of sequestration. Exemplification of this is to be found in the result; there is nothing to be reduced to possession and converted into cash to satisfy a prospective decree, as contemplated by the Sequestration act. Cum. Supp. Comp. Stat. p.261. The stocks and the proceeds must be administered in New York. Upon this point, Warren v. New Jersey Zinc Co., 116 N.J. Eq. 315,
is not otherwise. There the non-resident debtor was the owner of stock in a corporation in this state, which was attached. Baumann v. Ballantine, 76 N.J. Law 91, also cited by the petitioner, involved an attachment of a debtor's distributive share of an estate in this state, and Thomas v.Morristown State Bank 53 S.D. 499; 221 N.W. Rep. 257, was a suit brought by a domiciliary administrator appointed in Illinois to recover on a certificate of deposit issued by the bank in South Dakota to the intestate. The court allowed the bank to off-set its individual claim against the administrator upon the ground that the administrator was the actual owner of the certificate of deposit, as the only next of kin of the intestate, his *Page 188 
mother. The court invoked equitable doctrines in the case of strict legal right to prevent fraud. The case is not helpful.
Assuming, however, that the interest of the husband in the shares was attachable, and that the restraints were to fortify the levy as required by section 13 of the Uniform Stock Transfer act (Cum. Supp. Comp. Stat. p. 693), the injunction against the Standard Oil Company was misdirected. The section provides:
"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it."
Obviously, the injunction against the foreign administrator and the New York Bank and Trust Company, in possession of the certificates, did not perfect the attachment, for both parties were non-residents and the injunction was inoperative. The statute requires an effectual injunction, and that, in this case, could have been accomplished only in the jurisdiction where it could be served and enforced. Brimberg v. Hartenfeld Bag Co.,89 N.J. Eq. 425. And it is evident that the restraint upon the Standard Oil Company does not serve the levy under the statute, for it was not the holder of the certificates. The function of the writ of sequestration ad respondendum is to bring the defendant into court to satisfy the decree to be made in the cause to the extent of his property seized. The efficacy of the writ must be found in its lawful execution. The levy must be self-sufficient. If not, it falls. Injunctions can neither amplify the attachment under the writ, were it valid, nor validate it if it be deficient. If the injunction against the Standard Oil Company was intended as an auxiliary means of forestalling the holder from transferring the stock, it was, in the absence of a valid levy, a misuse of power. *Page 189 
The summary procedure of the petitioner is not approved: The injunctions against the holders of the certificates, in the divorce suit, to which they were not parties, and of course could not be parties, were improperly issued, and granting them contemporaneously with the writ of sequestration and before levy was irregular. The suggested course is, to move by bill for injunction against the holder of the certificate, after levy perfected as required by the statute. If the levy is effective there can be no objection to enjoining the company from transferring the stock on its books, by way of supplementing the injunctions against the holder of the certificate.
The injunction will be vacated. *Page 190