ETHEL TERRY, BY HER NEXT FRIEND, LAURA TERRY, AND LAURA TERRY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. OWATONNA CANNING COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 29, 1937—Decided January 26, 1938.

For the plaintiffs-appellants, *Harry Tartalsky*.

For the defendant-respondent, *Edwards, Smith & Dawson*.

The opinion of the court was delivered by

DONGES, J. The plaintiffs-appellants commenced action against defendant-respondent by writ of attachment, issued September 21st, 1936, and made returnable on October 19th, 1936. The return shows that the sheriff of Hudson county, by a special deputy sheriff, executed the writ "by going to Marigold Grocery Company, at No. 88 Cambridge avenue, Jersey City, served a copy of the within attachment on Harry Goldberg, Secretary of, and then and there, in the presence of the said Frank Halligan, declared that I attached the rights and credits, moneys and effects, goods and chattels, lands and tenements of Owatonna Canning Company, a corporation, the said defendant, at the suit of Ethel Terry, * * *."

The inventory and appraisement concludes as follows: "Attached all moneys, rights and credits, of the above defendant, in the hands of Marigold Grocery Company, at 88 Cambridge avenue, Jersey City, now due or to grow due the within named defendant. Appraised at Unknown."

A rule to show cause was allowed why the inventory and attempted levy on moneys of defendant alleged to be due or to grow due from Marigold Grocery Company should not be set aside and for nothing holden.

On May 1st, 1937, a rule was entered by Chief Justice Brogan making the rule to show cause absolute, and ordering that the return, and the inventory annexed thereto and the purported levy be quashed and set aside. From that order this appeal is taken.

The decisive question is whether or not there were moneys, rights and credits of the defendant, in the hands of Marigold Grocery Company, due or to grow due, at the date of the inventory and purported levy. We conclude that there were not and that the rule appealed from was properly entered.

It appears that on or about June 13th, 1936, a sales contract was entered into between Owatonna Canning Company and Marigold Grocery Company, by which one thousand cans of corn were to be shipped sometime in the future, the contract providing "Delivery when packed." It was further provided that seller was not to be liable for short, late or non-delivery of the goods resulting from damage to crops, strikes, fires, floods, unavoidable casualties or other circumstances beyond its control, except that, in the event of casualty or crop failure, proportionate delivery should be made to all buyers, without discrimination, of such stock as remained in the seller's possession.

The writ was attempted to be served on September 21st, 1936, at which time no goods had been shipped by defendant to Marigold Grocery Company, and nothing was due from it to defendant. The goods were shipped and invoiced on October 14th, 1936, and were received in Jersey City on October 23d, 1936. On October 15th, 1936, defendant assigned the account to one A. A. Endres, of Owatonna, Minnesota. The

contract provided that payment was to be made by vendee as follows: "1-½% in 10 days, 30 days net from date of invoice."

It is argued by appellant that there was a debt due to defendant from Marigold Grocery Company and that it was subject to attachment. It is undoubted that a levy under execution or attachment may be made "upon any debt due or accruing from a third person." A debt at common law was "a sum of money due by certain and express agreement." *Flanagan* v. *The Camden Mutual Insurance Co., 25 N. J. L.* 506. It is beyond dispute that, on the day of the attempted execution of the writ of attachment, there was no debt due to defendant from the grocery company. The contract between the parties was conditional. If shipment was made a sum of money would become due thirty days from date of invoice, and, prior to shipment, nothing was due and, under certain conditions, nothing might ever become due. Nor, at the time of the attempted levy, can it be said that a certain sum of money was to come due on the contract. To meet this statutory provision, there must be an existing debt, not presently due necessarily, but to thereafter grow due. In this connection, moneys to grow due connotes moneys fully earned and owning, but not yet demandable by the creditor. But, in either event, whether the attempt be to fasten a levy upon a debt due or to grow due, there must be an existing debt. The plaintiff can levy only on rights and credits which were possessed by the defendant at the time of the levy.

In 6 *Corp. Jur.* 242, it is said of the levy under a writ of attachment, that "it operates only upon such rights in the property as the debtor has at the time of the levy, and cannot give to the attachment creditor any other or higher rights than the debtor then has, in the absence of fraud or collusion by which the attacking creditor's rights are impaired."

In this case, on the date of levy, the creation of any debt to defendant was conditional. If the goods were never shipped, there would be no debt. If the goods were shipped, the debt would arise thereafter.

In such situation there was no debt due or to grow due on September 21st, 1936, and the levy was ineffectual to operate on a debt thereafter arising.

Nor is the situation altered by the assignment of the claim by defendant to Endres. We are not concerned with the validity of such assignment. Our concern is with the situation existing when the attempted levy was made.

The precise point seems never to have been determined in this state but there is authority in other jurisdictions for the proposition that a debt must be certain in order to be the subject of levy. The general rule is stated in 28 *C. J.* 130 to be: "But generally, except when specially authorized by statute, a debt which is uncertain and contingent, in the sense that it may never become due and payable, is not subject to garnishment."

In *Herman & Grace* v. *City of New York,* 114 *N. Y. Supp.* 1107; *affirmed,* 199 *N. Y.* 600; *92 N. E. Rep.* 376, it was said: "An attachment, on the other hand, applies only to an amount which has become an indebtedness to the defendant, whose property was attached, at the time of the levy, and not to an indebtedness which may accrue after the levy of the attachment. * * * It is well settled that an indebtedness is not attachable unless it is absolutely payable at present, or in the future and not dependable upon any contingency. *Drake on Attachments (6th and 7th eds.) Para.* 551. * * * We think it plain that in the case of an entire contract for a lump sum there cannot be said to be any debt belonging to the contractor while the contract remains uncompleted."

In the case at bar, at the time of the attempted levy, there was nothing in existence other than an executory contract for the sale of one thousand cans of corn. It seems to be settled in other jurisdictions that rights under an unperformed contract are not subject to levy. "Since a debt to be garnishable must be due absolutely and without contingency, where, under the terms of an entire contract, the garnishee is not to become indebted to defendant until the performance thereof, there is no such indebtedness as may be reached by

garnishment until the terms of the contract are fulfilled, even where the statute expressly authorizes garnishment of contingent interests." 28 *C. J.* 134.

The Supreme Court of Massachusetts held in *Wheelock* v. *Globe Construction Co.,* 195 *Mass.* 456; 81 *N. E. Rep.* 276: "At the time of the commencement of this suit there was no 'property, right, title or interests' of the Globe Construction Company in the hands of George A. Fernald & Company that could be affected by such a suit. There was merely an executory contract between them, whereby Fernald & Company were bound to take bonds and pay for them by a sight draft on delivery." And the same court said in *Hopedale Manufacturing Co.* v. *Clinton Cotton Mills,* 224 *Mass.* 193; 112 *N. E. Rep.* 879: "But while the statute uses the words 'any property, right, title, or interest, legal or equitable, of a debtor,' the property must be in existence when the proceedings to reach and apply are instituted."

The Supreme Court of Iowa said in *Eller* v. *National Motor Vehicle Co.,* 181 *Iowa* 679;  *N. W. Rep.* 64: "It is not the purpose or intent of the law to require more of the garnishee than he turn over to the officer or to the court any property or effects of the debtor in his possession or control, and to pay to the officer or into court any debt he may owe to the plaintiff's debtor. * * * But nothing is better settled than that the garnishee will not be held to any other or greater obligation for the benefit of the plaintiff than he was already under to the debtor. * * * The notice to the garnishee serves to impound in his hands whatever he may *then* owe the debtor or may have in his hands or in his control for the debtor. It does not inhibit him from all future dealings with the debtor, nor place him under obligation to withhold payment of any debt he may thereafter contract. * * * It is not material that there was a contract for future sales not yet in fact made or consummated at the time of the garnishment; the seller might yet refuse to make the sales or the buyer to make the purchases, or they might mutually agree to waive further performance of their agreement. They were under no obligation to proceed any

further unless they chose to do so, and quite certainly the execution creditor could not compel them to proceed for his benefit."

It seems to be the uniform rule, and we think the proper one, that in the situation here presented there were no rights of the defendant Owatonna Canning Company in the hands of the Marigold Grocery Company which would be made the subject of attachment on the day the attempted levy was made, and that the situation was not altered by the existence of the executory contract.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, WALKER, JJ. 12.

*For reversal*—HEHER, RAFFERTY, JJ. 2.