Morris County Circuit Court.

ABRAHAM ELGART, PLAINTIFF, v. J. ELGART MINTZ, DEFENDANT.

Decided May 5, 1938.

For the motion, *Israel B. Greene.*

Opposed, *Milton M. Unger.*

LAWRENCE, C. C. J.   The parties to this suit are, and were on November 27th, 1937, residents and domiciled in the city of New York.   Defendant is the owner of one hundred and sixty shares of the capital stock of the Elblum Holding Corporation, a body corporate of this state, with its principal office in Morristown, where there is an agent in charge. Plaintiff, on the indicated date, claiming to be a creditor of defendant in the sum of $10,850, sought to attach defendant's stock interest in the corporation through the medium of a writ which he caused to be issued out of this court.   The certificate evidencing defendant's stock, however, was at the time in his possession in New York and still is.   The Uniform Stock Transfer act (*Rev. Stat.* 1937, 14:8-23; 14:8-39) provides that no attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which

issued it, or its transfer by the holder be enjoined. Notwith-standing, the sheriff, it appears, undertook to execute the writ of attachment by serving a copy on the corporation's agent in this state. There was no seizure of the certificate or surrender to the corporation, nor had its transfer by defendant been enjoined. In other words, it could not be reached because defendant retained physical possession of it in New York and no proceeding had been taken there to pre-vent its transfer.

Resorting to another provision of the Stock Transfer act, *supra,* 14:8-40, to the effect that a creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in attaching the certificate or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot be readily attached or levied upon by ordinary legal process, plaintiff following what may be termed the abortive service of the writ on the agent of the corporation endeavored to have defendant enjoined from transferring the stock, pending entry of judgment in the attachment proceed-ing, by instituting a suit in the Court of Chancery.

In this he failed. See *Elgart* v. *Mintz,* 123 *N. J. Eq.* 404; 197 *Atl. Rep.* 747, Vice-Chancellor Berry there holding that in the absence of actual seizure or surrender of the cer-tificate as provided by the act, an effective injunction against the transfer by the holder is required, but since process could not be served either personally or by publication on the non-resident defendant, the equity court was without jurisdiction in the premises and no effective injunction could issue in aid of the attachment proceeding. He further held that the *situs* of the certificate, so far as the question involved was concerned, was in New York.

Defendant, pending the equity proceeding, and by special appearance only, gave the present notice in this court of a motion to quash the writ of attachment on three grounds: (1) the transfer by the holder of the shares of stock sought to be attached had not been enjoined; (2) there was no property of defendant in the state subject to valid attach-ment or levy under the writ; and (3) the *situs* of the *res,*

to wit, the certificate of the shares of stock, which it had been undertaken to attach here, was in the city of New York.

The law applicable to the controversy was so thoroughly discussed by the vice-chancellor in Elgart v. Mintz, with a wealth of pertinent citation, that it appears wholly unnecessary to go further than to say that no effective injunction against the transfer of the stock had been obtained when the writ of attachment issued and as no seizure or surrender of the certificate was made there was nothing on which the writ could rest by way of attachment or levy. In such a circumstance, it would appear to follow that it should be quashed. *Lodor* v. *Baker, Arlin & Co.,* 39 *N. J. L.* 49, and *Terry* v. *Owatonna Canning Co.,* 119 *Id.* 455, 457; 197 *Atl. Rep.* 36. Indeed, it would seem that before a valid levy of an attachment in such a case can be made, the transfer of the stock certificate, failing seizure or surrender, must first be effectively enjoined in a suit in which jurisdiction has been legally obtained over the defendant. As against a non-resident, it is not perceived how such jurisdiction is to be secured, in the absence of a voluntary appearance generally, assuming the service of process cannot be made upon him personally within the state. Whether the creditor has an available and effective remedy at the place of residence or domicile of the debtor may be suggested, but is not, of course, here considered. That such an injunction, however, should be obtained before the execution of the writ of attachment, where there is no seizure or surrender of the certificate of stock, is indicated in *Amm* v. *Amm,* 117 *N. J. Eq.* 185; 175 *Atl. Rep.* 186, it having been there said that the efficacy of the writ must be found in its lawful execution. The levy must be self-sufficient. If not, it falls. Injunctions can neither amplify the attachment under the writ, were it valid, nor validate it, if it be deficient.

Inasmuch, therefore, as there was no seizure or surrender of the certificate of stock in question and nothing was levied upon or attached under the writ, the proof failing to disclose that any effective injunction against the transfer of the stock had been obtained in advance of the attempted service, the conclusion is that the motion to quash should be granted.