### SEBASTIAN P. VACCARO, PLAINTIFF, v. JOSEPH SAUTA, DEFENDANT.

Argued November 6, 1943—Decided January 5, 1944.

Before Justice PERSKIE, sitting alone, pursuant to statute.

For the plaintiff, *Stout & O'Hagan.*

For the defendant, *Anschelewitz & Barr* (*Leon Anschelewitz,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The issue on the return of this rule to show cause concerns the validity of the levy and inventory made pursuant to a writ of attachment issued.

Plaintiff caused a writ of attachment to be issued in a suit in the Supreme Court in which he sought to recover from defendant a certain sum of money allegedly procured through fraudulent means. On September 27th, 1943, the writ of attachment was delivered to the sheriff of Union County by plaintiff. On the following day, September 28th, 1943, the sheriff through his deputy, pursuant to statute, levied upon all of the "rights, credits and choses in action of the defendant * * * in the hands of Jersey Mortgage Company, a corporation * * * and upon all of the rights of the defendant "arising out of an agreement with the said Jersey Mortgage Company for commission on the sale of property by the Jersey Mortgage Company to Sebastian V. Vaccaro and Rosemarie Vaccaro, his wife, * * *." The property levied upon was appraised at $7,500, which sum is 5% of the purchase price mentioned in the agreement to which reference was made in the levy. Defendant sought and obtained a rule to show cause why the levy and inventory should not be set aside.

Pursuant to the rule to show cause, depositions were taken. The depositions, and a stipulation between the parties, disclose that on April 22d, 1943, after considerable negotiations plaintiff entered into a contract with the Jersey Mortgage Company for the purchase of property at a price of $150,000. Defendant had acted as real estate agent and, it is claimed by plaintiff, was entitled to commissions totaling $7,500, either pursuant to resolution of the Mortgage Company passed March 15th, 1943, or pursuant to a letter dated March 26th, 1943, written by the real estate manager of the company. The actual delivery of the deed under the agreement of sale did not take place until October 14th, 1943.

In the meantime, however, defendant, on June 23d. 1943, filed a voluntary petition in bankruptcy. Ultimately a plan of arrangements with his creditors was effected. In order to consummate that plan, defendant was obliged to and did

on September 13th, 1943, pay $7,000 into the bankruptcy court. He paid this sum after borrowing it from his attorney, who endorsed to him two checks both dated September 3d, 1943, one in the amount of $5,000 drawn on the funds of the firm of which the attorney was a member, and the other in the amount of $2,000 being a cashier's check to the order of the members of the firm and by them endorsed to defendant. As security for this loan the defendant executed on September 13th, 1943, two chattel mortgages, a real estate mortgage and an assignment of his right, title and interest in his commission "due" or "to become due" to him from the Jersey Mortgage Company.

The levy under the writ can be valid only if, at the time it was made, there was a presently existing debt from the Jersey Mortgage Company to the defendant. *Terry* v. *Owatonna Canning Co.,* 119 *N. J. L.* 455; 197 *Atl. Rep.* 36; *Cohen* v. *Cohen,* 126 *N. J. L.* 605, 610; 20 *Atl. Rep.* (*2d*) 594. It is, therefore, necessary that it be decided whether on September 28th, 1943, the commissions under the agreement of sale were due and payable to defendant. In order to be entitled to his commissions, a broker, with certain exceptions not here applicable, must have a writing signed by the owner or his agent setting forth the rate of commission on a dollor or the amount thereof. *N. J. S. A.* 25:1–9. Since the actual agreement of sale is not before me, there are but two possible writings which would entitle the defendant to his commissions. One is the resolution of the Jersey Mortgage Company and the other is the letter of the real estate manager of the company under date of March 26th, 1943. So far as the letter is concerned, it clearly makes the payment of commissions contingent upon the passing of title and thus, even if written by one with adequate authority, on which question I express no opinion, it is unavailing to plaintiff's effort to show that on the date of the levy, which antedated the delivery of the deed, commissions were actually due defendant. *Cf. Hatch* v. *Dayton,* 130 *N. J. L.* 425; 33 *Atl. Rep.* (*2d*) 350.

Nor is the resolution of any avail. That instrument is addressed to no one and it does not mention the defendant

or any other broker. It simply states, in its recital portion, that an offer was submitted, detailing the terms, "subject to a brokerage commission of five per cent. (5%)," and that such an offer should be accepted. Such a writing is ineffectual under the statute. *Heyman* v. *Stopper*, 85 *N. J. L.* 128; 88 *Atl. Rep.* 946; *affirmed*, 86 *N. J. L.* 357; 91 *Atl. Rep.* 1069; *Shapiro* v. *Canada*, 101 *N. J. L.* 425; 129 *Atl. Rep.* 870.

Accordingly there is nothing to show that at the time of the levy and inventory there was anything due and owing to the defendant. The proceedings taken under the attachment are hereby dismissed, with costs.