**FIRST NATIONAL BANK IN DALLAS et al., Appellants,**

v.

**Edwina Moseley DYES, Appellee.**

**No. 11–81–045–CV.**

Court of Appeals of Texas, Eastland.

Aug. 26, 1982.

Rehearing Denied Sept. 30, 1982.

R. W. Glenn, Law Offices of Glenn & Houser, Plano, Robert E. Mangum, Jr., and Gene F. Stevens, Coke & Coke, Dallas, for appellants.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

RALEIGH BROWN, Justice.

Edwina Moseley Dyes sought to compel Dr. Pepper Company and its stock transfer agent, First National Bank in Dallas, to transfer 600 shares of Dr. Pepper common stock and all dividends that had accrued on such stock to her. The shares were represented by stock certificate number DM 6424. This certificate had never been presented for transfer and was registered to Alvin Berry Dyes. A divorce judgment dated September 2, 1976, awarded Edwina Dyes the 600 shares of stock and ordered Alvin Dyes to deliver certificate number DM 6424 to her. Responding to pleas in abatement, Alvin Dyes was named by Mrs. Dyes as a party to this suit and was served by publication. After a nonjury trial, the court held that Mrs. Dyes was entitled to the relief sought and ordered First National and Dr. Pepper to issue a new certificate in her name and to cancel stock certificate number DM 6424. Dyes was ordered to immediately relinquish stock certificate number DM 6424 to Dr. Pepper and First National. Although Alvin Dyes did not personally appear or answer in the trial court, he appeals. First National and Dr. Pepper appeal. We reverse and render in part and dismiss in part.

The thrust of Mrs. Dyes' position before the trial court was that Tex.Bus. & Com. Code Ann. Section 8.317 (Vernon 1968)[1] authorized the trial court's action. It is apparent, from the statement of facts, that the trial court erroneously concluded that the security was "not a negotiable instrument" as Tex.Bus. & Com.Code Ann. Section 8.105 (Vernon 1968)[2] specifically provides. The findings of fact and conclusions of law filed in the cause establish that the trial court based its judgment on Section 8.317.

First National and Dr. Pepper urge that the trial court erred in ordering a transfer of the shares into Mrs. Dyes' name and requiring a new certificate to be issued because she is barred from recovery under Section 8.317 as a matter of law. We agree.

Mrs. Dyes does not contend that the security has been lost, destroyed or stolen. Therefore, Tex.Bus. & Com.Code Ann. Section 8.405 (Vernon 1968)[3] has no application. Since Mrs. Dyes has not presented the security in registered form to either First National or Dr. Pepper, there is no duty on the issuer to register a transfer

1. Section 8.317 provides:
   (a) No attachment or levy upon a security or any share or other interest evidenced thereby which is outstanding shall be valid until the security is actually seized by the officer making the attachment or levy but a security which has been surrendered to the issuer may be attached or levied upon at the source.
   (b) A creditor, whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process.

2. Section 8.105 provides:
   (a) Securities governed by this chapter are negotiable instruments.

3. Section 8.405 provides:
   (a) Where a security has been lost, apparently destroyed or wrongfully taken and the owner fails to notify the issuer of that fact within a reasonable time after he has notice of it and the issuer registers a transfer of the security before receiving such a notification, the owner is precluded from asserting against the issuer any

claim for registering the transfer under the preceding section or any claim to a new security under this section.
   (b) Where the owner of a security claims that the security has been lost, destroyed or wrongfully taken, the issuer must issue a new security in place of the original security if the owner
   (1) so requests before the issuer has notice that the security has been acquired by a bona fide purchaser; and
   (2) files with the issuer a sufficient indemnity bond; and
   (3) satisfies any other reasonable requirements imposed by the issuer.
   (c) If, after the issue of the new security, a bona fide purchaser of the original security presents it for registration of transfer, the issuer must register the transfer unless registration would result in overissue, in which event the issuer's liability is governed by Section 8.104. In addition to any rights on the indemnity bond, the issuer may recover the new security from the person to whom it was issued or any person taking under him except a bona fide purchaser.

under Tex.Bus. & Com.Code Section 8.401 (Vernon 1968).[4] It is undisputed that the security has not been attached or levied upon nor has the security been surrendered to the issuer; therefore, Section 8.317(a) will afford Mrs. Dyes no relief.

■ The issue is then whether Section 8.317(b) authorizes the relief granted by the trial court against First National and Dr. Pepper. We hold that it does not.

Section 8.317(b) was formerly Sections 13 and 14 of the Uniform Stock Transfer Act. The court in *Snyder Motor Co. v. Universal Credit Co.,* 199 S.W.2d 792 (Tex.Civ.App.— Fort Worth 1947, writ ref'd n. r. e.), considering such act, said:

> Under such Act a valid attachment, levy and/or garnishment upon such shares could be made only by actual seizure of the stock certificate by the officer, unless the certificate be surrendered to the corporation which issued it; or its transfer by the holder be enjoined, and it has been held that said injunction must be against the owner of the stock. *Amm v. Amm,* 117 N.J.Eq. 185, 175 A. 186. The Act further provides that such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it, except wherein one is lost or destroyed.

See *Hodes v. Hodes,* 176 Or. 102, 155 P.2d 564 (1945).

Our Supreme Court in *Romo v. Austin National Bank,* 615 S.W.2d 168 (Tex.1981), discussing the weight to be given the comments to Tex.Bus. & Com.Code Ann. (Vernon 1968), said:

> Although the official comments to the Code were not enacted by the Legisla-

ture, they serve as a valuable aid in construing the statutory language. *In re Augustin Bros. Co.,* 460 F.2d 376 (8th Cir. 1972); *In re Yale Exp. Sys., Inc.,* 370 F.2d 433 (2d Cir. 1966); *Simmons v. Clemco Indus.,* 368 So.2d 509 (Ala.1979); see 2a C. Sands, Sutherland Statutory Construction Section 48.11 (4th ed. 1973).

The comments as to Section 8.317, after indicating that the prior uniform statutory provisions were Sections 13 and 14 of the Uniform Stock Transfer Act, stated that the changes were: "Rephrased for clarity." The purposes of the changes according to the comments were:

> In dealing with investment securities the instrument itself is the vital thing and therefore a valid levy cannot be made unless all possibility of the security finding its way into a transferee's hands has been removed. This can be accomplished only when the security has been reduced to possession by a public officer or by the issuer. A holder who has been enjoined can still transfer the security in contempt of court. See *Overlock v. Jerome Portland Copper Mining Co.,* 29 Ariz. 560, 243 P. 400 (1926). Therefore, although injunctive relief is provided in subsection (2) so that creditors may use this method to gain control of the security, the security itself must be reached to constitute a proper levy.

Section 8.317(b), therefore, affords a creditor a means of gaining control of a certificate or other security from the owner or holder thereof, not the issuer. Section 8.317(b) provides no right to the issuance of a new certificate when the old one cannot be reached. Neither First National nor Dr. Pepper was the owner or holder of the

---

4. Section 8.401 provides:

(a) Where a security in registered form is presented to the issuer with a request to register transfer, the issuer is under a duty to register the transfer as requested if
   (1) the security is indorsed by the appropriate person or persons (Section 8.308); and
   (2) reasonable assurance is given that those indorsements are genuine and effective (Section 8.402); and
   (3) the issuer has no duty to inquire into adverse claims or has discharged any such duty (Section 8.403); and

(4) any applicable law relating to the collection of taxes has been complied with; and
(5) the transfer is in fact rightful or is to a bona fide purchaser.

(b) Where an issuer is under a duty to register a transfer of a security the issuer is also liable to the person presenting it for registration or his principal for loss resulting from any unreasonable delay in registration or from failure or refusal to register the transfer.

certificate. We hold that the trial court erred in ordering First National and Dr. Pepper to issue a new stock certificate to Mrs. Dyes and to cancel certificate number DM 6424 without it being in their possession.

Judgment against First National Bank in Dallas and Dr. Pepper Company is reversed and judgment rendered that Edwina Moseley Dyes take nothing against them.

■ Judgment was rendered in the instant cause November 6, 1980. Alvin Dyes filed no motion for new trial and did not file his appeal bond until January 26, 1981.

He filed no motion for an extension of time to file such bond. The timely filing of an appeal bond was jurisdictional. *Texas Employers' Insurance Association v. Martin,* 162 Tex. 376, 347 S.W.2d 916 (1961). The appeal of Alvin Berry Dyes is dismissed.

Judgment as to First National Bank in Dallas and Dr. Pepper Company is reversed and rendered; appeal of Alvin Berry Dyes is dismissed.