**D.A. CHILDRE, Appellant,**

v.

**GREAT SOUTHWEST LIFE INSURANCE COMPANY and the Corporation of the Great Southwest, Appellees.**

**No. 05-84-00724-CV.**

Court of Appeals of Texas,
Dallas.

Oct. 31, 1985.

Patrick F. McManemin, Jane White, Newman, Shook & McManemin, Dallas, for appellant.

Ron Edmondson, Erich F. Klein, Jr., Lyne & Klein, Dallas, for appellees.

Before GUITTARD, C.J., and AKIN and DEVANY, JJ.

DEVANY, Justice.

This is an interlocutory appeal from post-judgment relief granted to the Corporation of the Great Southwest and Great Southwest Life Insurance Company in the form of a receivership, a temporary injunction, and a turnover order against D.A. Childre.

Childre contends that the trial court erred in granting the post-judgment relief in that (1) thirty days had not passed since the court overruled Childre's motion for new trial and (2) there was no evidence or insufficient evidence to support the turnover order, the appointment of the receiver, and the granting of the temporary injunction. In addition, Childre contends that the court abused its discretion in failing to (1)

require the posting of a bond with regard to the temporary injunction and (2) require the corporations to post a sufficient bond with regard to the appointment of a receiver. We disagree with these contentions and affirm.

This action arose from an action seeking monetary damages as a result of alleged acts and obligations of Childre, the former Chairman of the Board, President, and Chief Executive Officer of the corporations. The court entered a monetary judgment on behalf of the corporations and also ordered that any certificates representing stock in either of those corporations held by Childre be held in a constructive trust for the benefit of the corporations. Childre thereafter filed his motion for new trial. Prior to a hearing on the motion for new trial, the corporations filed an Application for Post-Judgment Relief and for Appointment of a Receiver pursuant to former article 3827a of the Revised Civil Statutes,[1] the "Turnover Statute." Act of June 13, 1979, ch. 671, § 1, 1979 Tex.Gen.Laws 1555 *repealed and recodified by* Act of June 16, 1985, ch. 959, §§ 1, 9 1985 Tex.Sess.Law Serv. 7043, 7102–03, 7218–19 (Vernon).

The court heard and overruled Childre's motion for new trial and immediately afterwards heard the corporations' application for a receiver and injunctive relief. The court then ordered the appointment of a receiver over the non-exempt assets of Childre and enjoined him and all persons in concert with him from conveying, encumbering, or transferring any non-exempt property or assets to any third parties.

### Turnover Statute/Writ of Execution Point

We first consider Childre's contention that the trial court erred in granting the post-judgment relief under the Turnover Statute when thirty days had not elapsed since the court overruled Childre's motion for new trial. The direct language of the statute does not specifically require the passing of thirty days; however, Childre claims that the post-judgment relief sought by the corporations was an attempt to execute on the judgment because the Turnover Statute is contained in Title 56 of the Texas Revised Civil Statutes, captioned Execution, which contains substantive laws concerning execution. Childre further contends that TEX.R.CIV.P. 627, requiring the expiration of thirty days from the overruling of the motion for new trial prior to issuance of execution, is therefore applicable to the Turnover Statute. We disagree with this contention.

Initially, we note the Code Construction Act, article 5429b–2, § 3.04, although not directly applicable to former article 3827a, is directly applicable to the recodification of that article and provides some guidance as to the weight to be given to the titles of statutes. That act states that title captions do not limit or expand the meaning of any statute.

The first rule of statutory construction is to ascertain the legislative intent. *Young v. Del Mar Homes, Inc.*, 608 S.W.2d 804, 807 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In addition, article 10(6) directs that "[i]n all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

In considering the Legislature's intent, we first note the language of the statute. Article 3827a(a) provided that the judgment debtor must be the "owner of property ... which cannot readily be *attached or levied* on by ordinary legal process...." Article 3827a(a) (repealed 1985) (emphasis added). This language implies that the Turnover Statute is not available as a remedy unless attachment or levy is warranted. While levy under TEX.R. CIV.P. 627 is not ordinarily available for thirty days after the entry of the judgment, attachment is available "[e]ither at the commencement of a suit or at any time during its progress." TEX.R.CIV.P. 592. Therefore, when a turnover order is in the nature of an attachment, a waiting period

---

1. All references herein are to Texas Revised Civil Statutes Annotated unless otherwise noted.

of thirty days would not seem to be required. *See* Pearson, *Texas Post-Judgment Turnover: An Update*, 22 HOUS. LAW. 30, 31 (1985). In the instant case, the receivership proceeding is in the nature of an attachment. 6A LOWE, REMEDIES § 1422 (Tex.Practice 1973).

Further we may analogize the remedy of post-judgment receivership to the remedy of post-judgment garnishment. Rule 657 governs when a judgment is deemed to be final for purposes of garnishment. A judgment is deemed final and subsisting under this rule after the date it is filed unless a supersedeas bond is approved and filed. In *Taylor v. TransContinental Properties, Ltd.*, 670 S.W.2d 417, 420 (Tex.App.—Tyler 1984, no writ), the court construed the purpose of rule 657 stating:

> The promulgation of Rule 657 ... authoriz[ed] the *issuance* of the writ ... on the date of the signing or "rendition" of the debt judgment where a supersedeas bond was not filed by the judgment debtor.
>
> ....
>
> The rule serves a good purpose; the judgment creditor may on a cause of action for unliquidated damages ... reduce the claim to judgment, procure the immediate issuance of a writ or writs of garnishment on an ex parte hearing with proper proof and thus impound funds owed to the judgment debtor by third persons for payment on the debt judgment when it becomes final.

Clearly in the case of post-judgment garnishment, no waiting period is required. The court in *Taylor* makes use of the terms judgment creditor and judgment debtor which are the terms utilized in the Turnover Statute.

Similarly, the purpose of the Turnover Statute was expressed in the bill analysis by the House Committee on Judicial Affairs relating to the Turnover Statute, which states:

> The bill makes significant changes in the ability of the judgment creditor to enforce his judgment against his debtor. The changes which this bill makes are open-ended in that they allow a judgment creditor to get aid in collection from the court in the form of an order which requires the debtor to bring to the court all documents, or property used to satisfy a judgment. *The actual effect of the bill is to require the burden of production on property which is subject to execution to be placed with the debtor instead of the creditor* attempting to satisfy his judgment. The bill will allow this to be effective against all property and future rights to property which the debtor might own.

House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 1260, 66th Leg. (1979) (emphasis added). These purposes would be served best if no waiting period were required.

Finally, in the instant case, we cannot see that Childre was harmed. The motion for new trial was overruled prior to the granting of the turnover order. Nothing in the record indicates that any assets were turned over to the receiver. Thirty days have since passed without a supersedeas bond being filed. The trial court clearly would now have the authority to issue the order in question. The passage of time seems to have rendered moot any possible harm from a premature order.

In view of these directives as to statutory construction, the reasoning with regard to the purpose expressed in the committee's bill analysis, and the actual language of the statute, we decline to hold the title caption determinative of the question of the Legislature's intent. Childre's first point of error is overruled.

### No Evidence or Insufficient Evidence Points

In his second, third, and fourth points of error, Childre contends that there was no evidence or insufficient evidence for the trial court to: (1) order the turnover of assets, (2) appoint a receiver, and (3) grant the temporary injunction. Childre contends that, in order to obtain the post-judgment relief they requested, the corporations were required, but failed, to prove the

necessary elements under the Turnover Statute as well as the traditional proof requirements for receivership and injunctive relief.

■ Childre contends that the corporations failed to provide any evidence on three elements necessary to invoke the Turnover Statute: (1) that Childre was the owner of the property, (2) that the property could not readily be attached or levied on by ordinary legal process; and (3) that the property is not exempt from attachment execution and every type of seizure. We hold that these contentions are without merit. With regard to the ownership of the stock, an officer of the corporations testified that Childre was the record owner of the stock. Further, under TEX.BUS. & COM.CODE ANN. § 8.317(f) (Vernon Supp.1985), corporate stock is clearly not property which is exempt from attachment, execution or seizure. Finally, with regard to the contention that the corporations failed to show that the property could not be readily attached or levied on by ordinary legal process, Childre's premise is that the only method of satisfying this requirement is for a writ of execution to be issued and returned *nulla bona.* In *Hennigan v. Hennigan,* 666 S.W.2d 322, 323–24 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), this contention was specifically rejected. The Turnover Statute only requires that non-exempt property cannot readily be attached. Evidence was presented at the hearing that the corporate stock was in the hands of third parties and being held out of the State. The evidence was sufficient to support the finding that the stock could not readily be attached.

■ In addition, Childre argues that to meet the traditional requirements for the appointment of a receiver, the corporations were required to show that another remedy was not available and that the act of pleading and allowing injunctive relief admitted that another remedy existed. Similarly, Childre claims that the elements for granting injunctive relief were not proven because the corporations failed to show what wrongful act was imminently threatening

them. We disagree with Childre's contentions and hold that the traditional requirements for the appointment of a receiver or the granting of an injunction are not applicable in this situation. The relief granted sought only to maintain the status quo. Childre's second, third, and fourth points of error are overruled.

### Injunction Bond

■ Childre next contends that the trial court abused its discretion in failing to require the posting of a bond with regard to the granting of the temporary injunction. However, the Order Appointing Receiver and Granting Other Post-Judgment Relief provides:

> ORDERED that the appointment of Receiver and other relief granted herein shall take effect when the Plaintiff Corporations shall make, execute and file a bond with two good and sufficient sureties (or a corporate surety) in the sum of $1,000.00, payable to Defendant Childre conditioned as required by *Rules 684* and 695a, Texas Rules of Civil Procedure. (Emphasis added).

In addition, the bond itself provided:

> Now Therefore, We, The Corporation of The Great Southwest and Great Southwest Life Insurance Company, as Principals, and THE TRAVELERS INDEMNITY COMPANY ... as Surety, acknowledge ourselves bound to pay the sum of $1,000.00 to D.A. Childre ... conditioned further that the Principals shall abide the decision which shall be made in the cause and that they will pay all sums of money and costs that may be adjudged against them if the *injunction* or the turnover order against D.A. Childre shall be dissolved in whole or in part. (Emphasis added).

The language of the court's order and the bond clearly show that the corporations were required to post a bond with respect to the temporary injunction since the order specifically mentions TEX.R.CIV.P. 684 governing the posting of the bond for an applicant for a temporary injunction and the bond explicitly covers the injunction.

Childre neither cites any authority, nor do we find any, that prevents the court from requiring a bond which serves a dual purpose as the one in the instant case. Childre's fifth point of error is overruled.

### Receivership Bond

 In his final point of error, Childre contends that the court abused its discretion in failing to require the corporations to put up a sufficient bond with regard to the appointment of a receiver. The corporations were only required to submit a $1,000 bond to have the receiver appointed and the temporary injunction granted. Rule 695a, governing a receiver's bond, requires only that the amount of the bond fixed by the court be set at a sufficient sum to cover all probable damages and costs if it should be decided the receiver was wrongfully appointed. TEX.R.CIV.P. 695a.

Judge Hittner's article addressed the need for a bond in the event of the appointment of a receiver under the Turnover Statute stating:

> There is a strong view that since the underlying obligation has been determined by final judgment, the judgment debtor will not be harmed if no bond, or merely a nominal bond, is required. Any bond which may be required should be carefully framed so as not to indemnify the judgment debtor in the traditional sense, as the righteousness of the appointment should have been fully litigated in any hearing pursuant to the new statutes. The only possible theory on which a bond could be required is to indemnify the receiver for claims that might be asserted against him. It may be argued that the acts of the receiver could be wrongful and malicious, and thus the defendant in judgment should have a bond in his favor to indemnify him against such an eventuality. Of course, the court will maintain control over the activities of the receiver's authority. Thus, unless the judgment debtor comes forward at a hearing on an application pursuant to these statutes and shows extraordinary circumstances, any bond required should not be in an amount that would act as a prohibitive cost or make it economically impossible for the judgment creditor to use the remedies provided for in these statutes for even the smallest of judgments.

45 TEX.B.J. at 420.

Childre contends that although this is a post-judgment receivership there are ways in which he could have been damaged by the receiver, including dishonesty and wrongful sale of the assets. We note that the receiver was not authorized to sell any assets by the order appointing him. As suggested in Judge Hittner's article, Childre bore the burden at the hearing on the order to show any extraordinary circumstances requiring the bond to be increased. We are of the opinion that Childre has failed to show that the trial court abused its discretion in setting the amount of the bond and that the bond is adequate. *Cf. Birds Construction, Inc. v. Gonzalez*, 595 S.W.2d 926, 930 (Tex.Civ.App.—Corpus Christi 1981, no writ). We overrule Childre's sixth point of error.

The judgment of the trial court is affirmed.