**NORSUL OIL & MINING LIMITED and Norsul Oil Mining Co. of Georgia, Appellants,**

v.

**COMMERCIAL EQUIPMENT LEASING CO., Appellee.**

No. 04–84–00528–CV.

Court of Appeals of Texas, San Antonio.

Dec. 24, 1985.

Steve Tiemann, Dallas, for appellants.

Chilton Maverick, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a turnover order to collect a judgment. TEX.REV.CIV. STAT.ANN. art. 3827a (Vernon Supp.1985). The judgment creditor is Commercial Equipment Leasing Company (Comelco), and the judgment debtors, adjudged jointly and severally liable, are Fred Forster, Jr., Fred Forster, III, and Forster Drilling Company, Inc., wholly owned by the father and son.

The amount of the judgment obtained in November, 1983, by Comelco against the three is $270,685.50, plus interest. The turnover order directed that Norsul Oil & Mining Limited and its president, Wayne E. Fowler, forward to the district court in Bexar County 220,000 shares of Norsul stock which had been sent to Norsul by Fred Forster, Jr. sometime before the turnover proceedings. Norsul, Fowler, and the judgment debtors were enjoined from transferring, assigning, or selling the subject shares.

The president of Norsul Oil & Mining Company of Georgia a/k/a Norsul Oil & Mining Limited, subsequent to the court's order of enforcement, forwarded to the court the 220,000 shares of Norsul stock.

In September of 1984, Norsul filed its response as a third party stating that the shares had been transferred to Norsul by the older Forster in March, 1983, for a valuable consideration, and that he was empowered to do this. Further, Norsul maintained it was subsequent to the *bona fide* transfer to Norsul when Forster Drilling Co., Inc. engaged in the business transaction with Comelco. Thus, it alleged, that transaction, which is the basis of the judgment against the Forsters and their company, is unrelated to "any dealings between Forster Drilling Co. and Norsul." And, they allege, Norsul is not a party nor involved in that business transaction.

The question before the trial court was ownership: whether the shares of Norsul had actually been assigned and conveyed to Norsul before the lease agreement in May of 1983, or whether the Forsters and their drilling company are the owners of the stock. It is undisputed that the three judgment debtors entered into the lease agreement in May, 1983.

At the hearing on the enforcement of the turnover order the president of Norsul testified that Pulliam Drilling Co., previously owned by Forster Drilling Co., was acquired by Norsul in 1982. In return, Forster Drilling Co. received shares of Norsul stock. Pulliam suffered losses, and two lawsuits by shareholders were filed against Norsul in 1983. Fowler's testimony was that Norsul would provide legal representation for the Forsters in these suits in consideration for the previously transferred stock. It was Norsul's position that the Georgia-based company became the owner of the subject shares in March, 1983. Fowler stated he tendered the Norsul stock to the court for the court to determine ownership.

Fowler testified on cross-examination that both Forster, Jr. and Forster, III were directors of Norsul. He stated also that Forster, Jr. was chairman of the board of Norsul from 1981 until 1984.

He testified that the stock had never been transferred on the records of Norsul as again belonging to Norsul. The stock power allegedly executed by Forster, Jr. had never been placed of record either. Thus, the shares still show on their face that the record owner is Forster Drilling Co., Inc. Copies of these shares were admitted into evidence.

In points of error one, two, and six, Norsul challenges the sufficiency of the evidence, both legally and factually, including an against the great weight of evidence point. The further argument in point five is the evidence by Norsul established, as a matter of law, that the shares were not owned by the judgment debtor (the two Forsters and their drilling company). In reviewing the evidence this court will apply the well known standards required for each contention.[1]

Roger Hill, executive vice president of Comelco, testified his leasing company en-tered into the contract with the Forsters and their drilling company. Later Comelco obtained a judgment against the three. He stated the two men had both filed bankruptcy proceedings, but that the drilling company had not. He said they indicated to him they owned 220,000 shares of Norsul stock as well as an additional 1,500,000 at the time of the lease undertaking. He said Forster, III had, after judgment, indicated he would return the stock to Hill as "part of a Court Order to turn this stock over to you...." He stated the stock, however, could not be found in Midland as expected and that Forster, III did not know who had its possession at the time.

Hill continued by saying that the receiver had attempted to locate the stock in Midland. He said the receiver determined, after speaking with Forster, Jr., that the stock had been sent back to Norsul by that person. "Mr. Forster, Jr. told [the receiver] he had sent the stock back to Norsul to help them out of a bind." He said that explanation was reiterated in Forster, Jr.'s deposition taken by the FDIC. To this point there was no objection by Norsul regarding hearsay. See TEX.R.EVID. 802.

Comelco offered into evidence that particular statement of Forster, Jr. as marked in his deposition. Objection was made to the introduction of the statement from the deposition. The trial court overruled the objection.

Hill then testified that the value of the stock was 50 cents to 75 cents a share at the last trade in Canada. He next said he was present when Forster, III's deposition was taken in the bankruptcy proceedings. Hill was asked:

Q: Did he indicate in his deposition and when you were present and under oath before the court reporter that the shares ... were in fact owned by Forster Drilling Company?

---

**1.** Appellate Standard of Review: O'Connor, *Evidence Points on Appeal*, 37 TEX.B.J. 839 (1974); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960) (covering also "great weight" and "matter of law" points). Legal insufficiency: *Glover v.*

*Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Factual insufficiency: *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

A: Yes.

Q: Did he also promise to get them back for you because there was a Court Order to that effect?

A: Yes. He indicated he would get the shares and send them to us.

There was no objection to Hill's testimony as hearsay. However, there was an objection to the introduction of the deposition; it was overruled.

The objection made to the deposition testimony in each instance was: failure to comply with the Texas Rules of Civil Procedure; not testimony given in the instant case; no opportunity to cross-examine; depositions were taken in an unrelated prior proceeding and involved different parties; and finally, Norsul was not a party to the proceeding.

On appeal Norsul contends the receiver's report was hearsay and inadmissible in evidence. Article 3827a(c) expressly provides for appointment of a receiver by the court. Moreover, an examination of the enforcement of turnover proceedings fails to reveal an objection to the receiver's report as argued on appeal. Even if the report could not be considered by the court, rule 802 of the Texas Rules of Evidence provides that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. The receiver's report was before the court as ordered, and the trial court could properly consider the inventory submitted to the court. Listed in the inventory as owned by the judgment debtor were the subject shares. The point urged by Norsul is without merit.

Rule 801(e)(3), together with TEX.R. CIV.P. 207, permits depositions to be used in lieu of testimony without any requirement that the deponent be unavailable to testify at trial. Forster contends here that the depositions were taken in federal proceedings and not under the Texas rules. We note, however, that evidence rule 804(b) provides for this hearsay exception: The following [is] not excluded if the declarant is unavailable as a witness:

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in the course of the same or another proceeding, if the party against whom the testimony is now offered, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

\* \* \* \* \* \*

The intimate and interwoven relationship of the three judgment debtors to Norsul was plainly established, i.e., two as directors of Norsul, one as chairman of the board of Norsul, and the company as recipient of shares of stock in exchange for acquisition by Norsul of a subsidiary company belonging to the Forsters. Any deposition admission by the Forsters made during this relationship or affecting the relationship could be offered as an admission by the party opponent. This would be non-hearsay. TEX.R.EVID. 801(e)(2):

Admission by a party-opponent. The statement is offered against a party and is (A) his own statement in either his individual or representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth, or ... (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, ...

\* \* \* \* \* \*

The trial court did not abuse its discretion in admitting the deposition testimony into evidence. Further, the "live" testimony of Hill, admitted without objection, regarding statements made to him by the two Forsters essentially repeated and enlarged upon the deposition testimony. We hold the trial court's finding that Forster Drilling Co. owns the subject shares of stock is based upon sufficient evidence, both legal and factual. In addition the evidence fails to show that Norsul established as a matter of law that the shares were not owned by the judgment debtor. Points one, two, five, and six are overruled.

Norsul next maintains that an "irrevocable stock or bond power," tendered by it

but excluded from evidence, should have been admitted. The purpose of the stock power was to prove that Forster, Jr. appointed Fowler as substitute to transfer the security. Norsul contends it was executed on March 11, 1983, before the lease agreement was executed. Objection that the exhibit was hearsay was sustained. The other exhibit offered by Norsul was a certificate of a secretary of Forster Drilling Co., along with her affidavit, that Forster, Jr. did transfer the shares of stock to Norsul. It was shown that affiant was not a secretary of the company in March, 1983. The hearsay objection was sustained. TEX.R.EVID. 803(6). Another objection was that the affidavit was not evidence. Comelco had further objected that no company seal or resolution accompanied the stock power. We find the trial court did not err in ruling the proferred exhibits should be excluded from evidence. Points of error three and four are overruled.

Norsul next contends a turnover order against it is improper because Norsul is not the judgment debtor. We disagree. Article 3827a, *supra,* is the legislative expression of the expanded role of equity in aiding the collection of judgments. Article 3827a provides in pertinent part:

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

(b) The court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in or subject to the possession or control of the judgment debtor to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment. The court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

\*   \*   \*   \*   \*   \*

Based upon the evidence before it, the trial court found that the non-exempt property (shares of stock) was owned by the judgment debtor. Although a third party, Norsul, held the shares, they were subject to the possession or control of the owner, the judgment debtor. Although a third party retains the property, if it is shown to be non-exempt, owned by a judgment debtor and subject to the debtor's possession or control, the trial court may issue and enforce its turnover order. Point of error seven is overruled.

Accordingly, the judgment is affirmed.

CANTU, J., concurs without opinion.