In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-384 CV


____________________



THOMAS PETER ROEBUCK, JR., Appellant



V.



WINNIE RAQUEL HORN, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-165,428






OPINION


 Thomas Peter Roebuck, Jr. appeals from the entry of a turnover order and the
appointment of a receiver. He presents the following five issues: (1) Did the trial court
abuse its discretion in entering the turnover order when Winnie Raquel Horn, the appellee,
produced no evidence that he had any asset subject to turnover?; (2) Did the trial court
abuse its discretion in entering the turnover order when the order does not address any of
Roebuck's specific assets?; (3) Did the trial court abuse its discretion in entering the
turnover order when the order requires turnover of assets owned in whole or in part by
third parties?; (4) Did the trial court abuse its discretion in granting the receiver powers
of a master in chancery and by only requiring a bond of $100?; and (5) Did the trial court
abuse its discretion in ordering the production of all of the documents in a request for
production attached to the order? We reverse the turnover order and remand to the trial
court for further proceedings consistent with this opinion.

 Horn obtained a judgment against Roebuck in excess of $76,000. Concluding that
she would not be able to recover the judgment through execution, Horn sought and
received a turnover order and the appointment of a receiver. Roebuck asserts in issues
one, two, and three that the trial court abused its discretion in entering the turnover order
because there was no evidence that he had any asset subject to turnover, because the order
is invalid and illegal on its face, and because the order requires turnover of assets owned
in whole or in part by third parties. 

 We are required to review the trial court's turnover order under an abuse of
discretion standard. See Beaumont Bank, N. A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991). Whether there is evidence to support the turnover award is a relevant consideration
in determining if the trial court abused its discretionary authority in issuing the order. Id. 
A trial court may be reversed for abusing its discretion only when the court of appeals
finds the court acted in an unreasonable or arbitrary manner or that it acted without
reference to any guiding rules and principles. Id. Accordingly, we may not reverse for
abuse of discretion merely because we disagree with the trial court's decision if the
decision was within the trial court's discretionary authority. Id. A trial court's issuance
of a turnover order, even if predicated upon an erroneous conclusion of law, will not be
reversed for abuse of discretion if the judgment is sustainable for any reason. Id. 

 At the hearing on the turnover order, evidence was presented that non-exempt
property owned by Roebuck consisted of $1200 cash in a bank account; an old pickup
truck; "some motorcycles;" 28% interest in his law firm, a professional corporation; and
an undisclosed interest in the leasing company through which his law firm leases its
building. Also before the court was Roebuck's deposition in which he indicated that he
has a one-third interest in the building.

 A trial court abuses its discretion if it signs a turnover order that does not identify
specific non-exempt property subject to the order. Burns v. Miller, Hiersche, Martens &
Hayward, P. C., 948 S.W.2d 317, 324 (Tex. App.--Dallas 1997, writ denied). In its
order in this case, the trial court did not make any specific reference to the assets that were
proved during the hearing; rather, it included a laundry list of possible assets stated in
broad categories. Referring to these broad categories, Horn argues that the order is
specific. She refers to the following examples: (1) the order refers to "books," which
would include Roebuck's interest in his law firm's library; (2) the order refers to "stocks,"
which would include Roebuck's shares in the law firm and the leasing company from
which the law firm leases its building; (3) the order refers to "titles to automobiles," which
would include Roebuck's "old pickup truck;" (4) the order refers to "cash," which would
include the $1200 in a bank account; (5) the order refers to "other vehicles," which would
include Roebuck's children's motorcycles; (6) the order identifies "real property/deeds to
real property," which would include Roebuck's interest in the building occupied by his law
firm. A reference to broad categories of assets does not constitute a reference to specific
assets that is required in a turnover order. We also note that the order makes reference
to numerous generalized categories of assets without any supporting proof as to their
ownership by Roebuck. 

 Roebuck also contends that the order requires turnover of assets owned in whole or
in part by third parties. As an example, the order confers upon the receiver: 

 . . . all the power and authority to take possession of all non-exempt
property of THOMAS PETER ROEBUCK, JR. that is in the actual or
constructive possession or control of Respondent, including but not limited
to all property incidental to or associated with the daily operation of any
business owned in whole or in part by Respondent, including but not limited
to all cash, accounts receivable, notes receivable, promissory notes, drafts
and checks, monies on deposit in financial institutions, financial accounts
(bank accounts), certificates of deposit, money market accounts, accounts
held by any third party, stocks, all securities, all real property, deeds to real
property, titles to automobiles or other vehicles, boats, planes, all safety
deposit boxes or vaults and the contents therein, monies received by the
Respondent in the form of checks, cash or credit card payments or receipts;
any and all causes of action or choices of action, contract rights whether
present or future; and all furniture, fixtures, equipment, supplies and
inventory and all documents, books and records related to any of the herein
described property (including financial records) that is in the actual or
constructive possession or control of Respondent and/or in connection with
any business owned in whole or in part by Respondent or any other business
wholly or partially owned by Respondent.... 


The evidence at the hearing shows that Roebuck owns a 28% interest in the professional
corporation of which he is an employee. The order as noted above is not sufficiently
limited to seizure of Roebuck's interest in law firm property, but appears to allow the
seizure of any or all law firm property in the general categories listed because Roebuck is
a part owner of the firm. The law firm was not served nor did it make an appearance at
the turnover hearing. The turnover procedure contemplates the presence of third parties
where their interests may be involved. See Schultz v. Fifth Judicial Dist. Court of Appeals
at Dallas, 810 S.W.2d 738, 740 (Tex. 1991). 

 Horn denies that the turnover order requires turnover of assets owned by third
parties, noting that Roebuck's shares in the P. C. and leasing company may be reached by
turnover, that the order makes no mention of third parties, and that the receiver is to take
possession of all non-exempt property of Roebuck. As previously noted, the order is not
limited to Roebuck's shares in the P. C. and leasing company. While Roebuck's law firm
is not mentioned by name and the receiver is to take possession of Roebuck's non-exempt
property, the order defines his non-exempt property to include virtually any property
belonging to the law firm because it is a business wholly or partially owned by Roebuck.

 Horn relies upon the case of Childre v. Great Southwest Life Ins. Co., 700 S.W.2d
284 (Tex. App.--Dallas 1985, no writ), for the proposition that corporate stock is not
exempt from attachment, execution, or seizure. She relies upon the case of Norsul Oil &
Mining Ltd. v. Commercial Equip. Leasing Co., 703 S.W.2d 345, 349 (Tex. App.--San
Antonio 1985, no writ), for the proposition that a third party can be ordered, in a turnover
proceeding, to deliver corporate shares in its possession upon a finding that the judgment
debtor is the owner of the shares and the case of Schultz, 810 S.W.2d at 740, a case to
which we have previously referred, for the proposition that a turnover order may be
against parties other than the judgment debtor and act as a mandatory injunction against
third parties interested in the property rights being adjudicated. Horn fails to mention that
Norsul, the third party in Norsul, was a party in the underlying proceeding, whereas in this
case neither the professional corporation nor the leasing company is a party. Norsul Oil
& Mining Ltd., 703 S.W.2d at 346. As previously noted, we construe Schultz as
indicating that third parties may be involved in turnover proceedings, not that their rights
may be affected in their absence. The case at bar is distinguishable from these cases relied
upon by Horn because the turnover order makes no specific reference to any shares of
stock in the professional corporation or the leasing company that might be owned by
Roebuck, but it does refer in general categories to other types of property that are owned
by those entities without those entities being a party to the turnover proceeding. We do
not find any of these authorities to be inconsistent with our opinion. 

 Horn also relies upon the case of Newman v. Toy, 926 S.W.2d 629, 630-31 (Tex.
App.--Austin 1996, writ denied), in support of her suggestion that a debtor might be
ordered to deliver to a receiver all of his or her stock in a professional corporation and all
payments received by the debtor for the corporation, as well as her suggestion that there
might be a provision in an order requiring delivery of the corporation's monthly receipts
to the receiver. Horn fails to mention that the basis for the court's conclusion as to those
matters was that the professional corporation in question was wholly owned by the
judgment debtor. Id. at 631. In the case at bar, the record reflects that neither the
professional corporation nor the leasing company are wholly owned by Roebuck. We
overrule issue one and sustain issues two and three. 

 Roebuck insists in issue four that the trial court erred by appointing the receiver as
a master in chancery and by setting the receiver's bond in the amount of $100. In its
order, the trial court gave no reason for the necessity of appointing a master in chancery. 
The order provided the following powers to the master:

 . . . the fullest and broadest powers under the Rule including but now [sic]
limited to: (a) ordering the production before him/her of evidence including
documents upon all matters pertaining to Respondent's compliance with this
Order; the assets, location of assets, value of assets and all other financial
matters pertaining to Respondent and Respondent's assets including the
amount of money Respondent may need on a periodic basis to continue
Respondent's business or to provide for dependents; (b) schedule hearings
and direct all parties and witnesses to give testimony at such hearings and to
rule on the admissibility of evidence at such hearings and direct all parties
and witnesses on oath and examine them under oath.


It appears that the appointment of the master was made by the trial court, without a request
by either party, due to the broadness of the court's order as related to the assets of
Roebuck and his law firm. Upon remand, when considering a new turnover order in
accordance with this opinion, the trial court may again consider whether the receiver
should be appointed a master in chancery. We assume that in making such a determination
the trial court will consider the principles stated in Simpson v. Canales, 806 S.W.2d 802,
811-12 (Tex. 1991), which discusses the limited occasions that might justify the
appointment of such a master. Further, the trial court should consider whether the receiver
acting as a master would present a conflict of interest. Also upon remand, while the trial
court may consider the appellant's request that the bond for the receiver be increased, it
should do so in light of the principles stated in Childre, 700 S.W.2d at 289, which
discusses the appropriateness of no bond or a nominal bond for receivers in turnover
orders. In view of the remand, we need not decide issue four. 

 Roebuck argues in issue five that the trial court erred in ordering the production of
all of the documents in a request for production attached to the order. He argues the
request constituted a discovery motion for production under Rule 621a, which under the
terms of the rule is to be brought in the same suit in which the judgment was rendered. See
Tex. R. Civ. P. 621a. He contends the trial court could not consider the request inasmuch
as the application for turnover was not filed in the same suit as that in which the judgment
was rendered. Horn argues the trial court was not ordering production in accordance with
Rule 621a, but was ordering Roebuck to turn over documents or records related to the non-exempt property that he was required to turn over to the receiver. As was the turnover
order to which it is attached, the list of documents to be produced is very broadly drawn. 
Given that fact, and the fact that the turnover order did not specify the property to be
turned over, it does not appear the documents ordered to be produced were limited to those
related to specific non-exempt property that Roebuck was required to turnover. We know
of no authority for the trial court in an application for turnover, which is not filed in the
same suit as the underlying judgment, to order production of documents not related to
specific non-exempt property that the debtor has been ordered to turn over. We sustain
issue five. 

 We reverse the turnover order and remand to the trial court for further proceedings
consistent with this opinion. 

 REVERSED AND REMANDED.

 ___________________________

 JOHN HILL (1)

 Justice


Submitted on March 28, 2002

Opinion Delivered April 18, 2002

Publish


Before Burgess, Gaultney and Hill, JJ.
1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).