Opinion issued April 20, 2006     
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00666-CV




ROBERT V. HOLLAND JR., INDIVIDUALLY, and ROBERT V.
HOLLAND JR., P.C., D/B/A HOLLAND & ASSOCIATES, Appellants




V.

GUSTAV ALKER JR. and ROBERT ALKER, Appellees



On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2001-41044

 
MEMORANDUM OPINION
            Appellants, Robert V. Holland Jr., individually (“Holland”), and Robert V.
Holland Jr., P.C., d/b/a Holland & Associates (“the professional corporation”)
(hereinafter collectively referred to as “appellants”), appeal from a post-judgment
turnover order entered in favor of Gustav Alker Jr. and Robert Alker (together
“appellees”). We determine whether the trial court erred (1) by finding that Holland’s
one-ninth interest in 606.39 acres in Coke County (“the Coke County property”) was
not entitled to a homestead exemption pursuant to section 41.001 of the Property
Code,


 (2) by finding that the property owned by the professional corporation was not
exempt as Holland’s own personal property pursuant to sections 42.001 and
42.002(a)(4) of the Property Code,


 (3) by allegedly ruling on appellees’ supplemental
request for turnover without notice and hearing, (4) by allegedly issuing an order that
was unenforceable because it was vague and conflicting, (5) by appointing a receiver,
and (6) by requiring a bond of one hundred dollars. We affirm the judgment of the
trial court.
 
 
Facts
          Holland’s mother, Pauline Holland (“Pauline), died on March 6, 2001. 
Pauline’s will designated the Holland Family Limited Partnership as her sole
beneficiary “unless, for any reason, it ceases or fails to be in existence, then to my son,
[Holland]. If my son, [Holland], should not survive me then I bequeath and devise all
of my said property unto any living issue of my son, [Holland], per stirpes.” The
assets of Pauline’s estate were an eight-ninths interest in the Coke County property,
seven acres on Dam Road with two houses on it, a one-third interest in a 360-acre tract
pending in Pauline’s mother’s estate, three parcels of land in Taos County, New
Mexico, and 1040 Heights Boulevard, Houston Texas (“the Heights property”). 
Holland individually owned a one-ninth interest in the Coke County property. In his
deposition, Holland testified that he lived and worked at the Heights property and did
not pay rent. Victor Driscoll rented office space at the Heights property for $1,000 per
month. Driscoll paid Holland, who had cashed the checks from Driscoll and had used 
 
 
 
the money to pay his bills.


 The Coke County property also had generated rental
income from deer leases. Pauline’s estate did not have a bank account. 
          On June 24, 2002, the trial court entered a judgment of $265,000 in favor of
appellees. On February 13, 2003, appellees filed an application for turnover order and
appointment of receiver to enforce the judgment. On October 6, 2003, the trial court
granted the application and entered a turnover order. The October 6 turnover order
authorized appellees “to proceed with execution upon all real property interest owned
by Robert V. Holland, Jr. in Coke County, even though such interests may have been
the subject of deeds, assignments, or other transfer instruments to the Holland Family
Limited Partnership.”



          A deputy constable attempted to enforce appellees’ writ of execution twice, but
did not find non-exempt property. On April 27, 2004, Holland completed a homestead
designation, contending that his ownership interest in an undivided one-ninth interest
in the Coke County property was his homestead. On December 1, 2004, appellees
filed a supplemental request for turnover order. On January 3, 2005, the trial court
held a hearing on appellees’ supplemental request for turnover order. On January 19,
2005 and February 24, 2005, appellees submitted correspondence to the trial court,
urging it to approve and to sign the supplemental request for turnover order. On
March 17, 2005, appellees filed a motion to enter a court order, requesting that the trial
court rule on their supplemental request for a turnover order and set a hearing for April
11, 2005. On April 2, 2005, appellants filed a response to appellees’ motion to enter
a court order. On April 6, 2005, the trial court signed an order granting appellees’
supplemental request for turnover order (“the April 6 turnover order”). The April 6
turnover order (1) recited that Holland had not met his burden to prove the homestead
character of his one-ninth interest in the Coke County property; (2) appointed a 
 
 
 
 
 
receiver to take possession of all non-exempt property of appellants;


 and (3) recited
that Holland’s beneficial interest in the estate of Pauline was a non-exempt asset.
          On April 18, 2005, appellants filed a motion to reconsider. On June 27, 2005,
the trial court held a hearing on appellants’ motion to reconsider. On July 1, 2005, the
trial court denied appellants’ motion to reconsider, expressly declining to modify or
to vacate the April 6 turnover order.Standard of Review
          The purpose of the turnover statute is to assist a judgment creditor in reaching
certain property of a judgment debtor to obtain satisfaction on a judgment. See Tex.
Civ. Prac. & Rem. Code Ann. § 31.002(a)(1) & (2) (Vernon Supp. 2005); Commerce
Sav. Ass’n v. Welch, 783 S.W.2d 668, 671 (Tex. App.—San Antonio 1989, no writ). 
Property may be subject to turnover if it (1) is owned by the judgment debtor; (2)
cannot be readily attached or levied by ordinary legal process; and (3) is not exempt
from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ.
Prac. & Rem. Code Ann. § 31.002(a)(1) & (2).
           We review a turnover order and an appointment of a receiver under an
abuse-of-discretion standard of review. See Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991) (stating that abuse of discretion is standard of review for 
turnover order); Matz v. Bennion, 961 S.W.2d 445, 452 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied) (stating that abuse of discretion is standard of review for
appointment of receiver). We reverse a trial court for abusing its discretion only if we
find that the court acted in an unreasonable or arbitrary manner. Buller, 806 S.W.2d
at 226. That is, an abuse of discretion occurs when a trial court acts “without reference
to any guiding rules and principles.” Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985). A corollary principle is that we may not reverse for
abuse of discretion merely because we disagree with a decision of the trial court, if that
decision was within the trial court’s discretionary authority. Id. at 242. A trial court’s
issuance of a turnover order, even if predicated on an erroneous conclusion of law, will
not be reversed for abuse of discretion if the judgment is sustainable for any reason.
Buller, 806 S.W.2d at 226.
 
 
Designation of Homestead Property
          In their first point of error, appellants argue that “[t]he trial court erred in its
determination that [Holland’s] 1/9 interest in [the Coke County property] was not
protected by his homestead exemption.”
          The turnover statute provides that 
[a] judgment creditor is entitled to aid from a court of
appropriate jurisdiction through injunction or other means in
order to reach property to obtain satisfaction on the judgment
if the judgment debtor owns property, including present or
future rights to property, that: (1) cannot readily be attached
or levied on by ordinary legal process; and (2) is not exempt
from attachment, execution, or seizure for the satisfaction of
liabilities. 
 
Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a). However, “[a] court may not enter
or enforce an order under this section that requires the turnover of the proceeds of, or
the disbursement of, property exempt under any statute, including Section 42.0021,
Property Code.” Id. § 31.002(f).
          Section 41.001 provides that a homestead is exempt from seizure for the claims
of creditors. See Tex. Prop. Code Ann. § 41.001(a) (Vernon 2000); Tex. Const. art.
XVI, § 50. A party claiming homestead protection has the burden to establish that the
property is a homestead. Burk Royalty Co. v. Riley, 475 S.W.2d 566, 568 (Tex. 1972); 
Lifemark Corp. v. Merritt, 655 S.W.2d 310, 314 (Tex. App.—Houston [14th Dist.]
1983, writ ref’d n.r.e.). A homestead is the dwelling house constituting the family
residence, together with the land on which it is situated and the appurtenances
connected therewith. Farrington v. First Nat’l Bank of Bellville, 753 S.W.2d 248, 250
(Tex. App.—Houston [1st Dist.] 1988, writ denied). However, a homestead exemption
may be established upon unoccupied land if the owner presently intends to occupy and
to use the premises in a reasonable and definite time in the future and has made such
preparations toward actual occupancy and use that are of such character, and to such
an extent, as to manifest beyond doubt the intention to complete the improvements and
to reside upon the place as a home. Id. Two specific elements are required in order to
establish homestead rights on unoccupied land: (1) the intention on the part of the
owner to claim the land as a homestead and (2) an overt act of homestead usage. 
Merritt, 655 S.W.2d at 314. 
          On April 27, 2004, Holland filed a designation of homestead for his one-ninth
interest in the Coke County property. Holland contends that his homestead property
exemption was a common-law claim before that designation. Holland’s filing of a
homestead designation in Coke County did not prove as a matter of law that the Coke
County property was his homestead. See Farrington 753 S.W.2d at 251 (holding that
application for residential homestead exemption with tax assessor does not prove as
matter of law that property constituted homestead). 
          Holland contends that the Coke County property was his homestead because he
grew up on the Coke County property during the first 22 years of his life and because
that was the only property that he had eligible for designation as a homestead. 
However, appellant admitted that he previously had claimed another property as his
homestead while he was married and that, at the time that the turnover orders were
issued,


 had been living and working at the Heights property for two years. Holland
did not present any evidence of an intent to occupy the Coke County property in a
reasonable and definite time in the future, and he did not make any overt act to
establish the Coke County property as a homestead before then. Neither is there
evidence in the record that Holland had taken any sort of action to use, to improve, or
to occupy the alleged homestead before that date. Accordingly, we hold that the trial
court did not abuse its discretion in finding that Holland’s one-ninth interest in the
Coke County property was not protected by a homestead exemption.
          We overrule appellants’ first point of error. 
 
 
Personal Property Exemption
          In their second point of error, appellants argue that the trial court erred by
finding that Holland’s professional corporation was not a tool of the trade under
sections 42.001(a) and 42.002(a)(4). See Tex. Prop. Code Ann. §§ 42.001(a), 42.002
(a)(4) (Vernon 2000). Appellant specifically contends that “the [professional
corporation] was solely used as a vehicle for [Holland’s] law practice, that he is the
sole shareholder, sole officer, director, and has always been the only owner/operator
of the [professional corporation]” and that, therefore, the property owned by the
professional corporation should have been exempt as Holland’s own personal property
pursuant to section 42.002(a)(4) of the Property Code.
          Section 42.001(a) of the Property Code provides that personal property is exempt
from seizure if the property is owned by a single adult or family. See Tex. Prop. Code
Ann. § 42.001(a). Section 42.002(a)(4) provides that, for an individual, “tools,
equipment, books, and apparatus, including boats and motor vehicles used in a trade
or profession” are personal property exempt from seizure. See id. §42.002(a)(4). 
Section 42.002(a) applies to tangible property. See id. 
          A professional corporation is a separate and distinct entity from an attorney who
practices as a member of the corporation, even if he is the sole shareholder of the
corporation. Cf. Sun Towers v. Heckler, 725 F.2d 315, 331 (5th Cir. 1984); United
Bank Metro v. Plains Overseas Group, Inc., 670 S.W.2d 281, 284 (Tex.
App.—Houston [1st Dist.] 1983, no writ). By trying to claim as his own personal
property that which was owned by his professional corporation, Holland, in effect, was
attempting to pierce his own corporate veil. Holland could not do this. See id.
          Accordingly, the trial court did not abuse its discretion in concluding that the
property owned by the professional corporation was not exempt as Holland’s own
personal property pursuant to sections 42.001 and 42.002(a)(4).
          We overrule appellants’ second point of error. 
Notice and Hearing 
          In their third point of error, appellants argue that “[t]he trial court erred by
proceeding to judgment without notice and hearing.” Specifically, appellants complain
that the trial court erred by ruling on appellees’ supplemental request for a turnover
order, signed April 6, without notice or hearing.
          The record reflects that, on January 3, 2005, the trial court in fact held a hearing
on appellees’ supplemental request for turnover order. Appellants received notice of
the January 3, 2005 hearing, and their counsel participated in it. The trial court also
held a hearing on appellants’ motion to reconsider on June 27, 2005 and denied
appellants’ motion to reconsider, expressly declining to modify or to vacate the April
6 turnover order. In their reply brief, appellants concede that the June 27 hearing, at
which they were present and introduced evidence, rendered harmless their complaint
of lack of notice and hearing prior to the entry of the April 6 turnover order.
           Section 31.002 allows a trial court to enforce a prior order that has been refused
or disobeyed. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002. The judgment
against appellants was entered on June 24, 2002. Appellants did not appeal that
judgment and do not now complain about it on appeal. Appellants knew that the
judgment was subject to collection, and the judgment afforded them “with notice that
post-judgment proceedings would follow.” See Merritt v. Harris County, 775 S.W.2d
17, 21 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (concluding that because
eviction proceedings in justice courts were not challenged by appellant either at trial
or on appeal, judgments were final and afforded appellant with notice that
post-judgment proceedings would follow). 
          Assuming without deciding that notice and hearing were required before the
issuance of a turnover order, we hold that the trial court did not violate appellants’ due
process rights by ruling on appellees’ supplemental request for turnover because,
among other things, the trial court held a hearing on appellants’ motion to reconsider.
          We overrule appellants’ third point of error. 
 
 
 Enforceability of April 6 Turnover Order 
          In their fourth point of error, appellants argue that “[t]he trial court’s order is
vague and conflicting and therefore unenforceable.” Specifically, appellants contend
that (1) the trial court usurped the jurisdiction of the probate court in which Pauline’s
probate was pending by ordering Holland to turn over assets that would be distributed
to him under Pauline’s will, in alleged conflict with unspecified orders of the probate
court and (2) the trial court’s crossing out, in the turnover order, language that Holland,
as executor, controlled property that he would receive under Pauline’s will made the
turnover order vague and unenforceable. Concluding that the two arguments are
related, we address them together.
          The Texas Civil Practice and Remedies Code sets forth procedures that enable
parties to seek aid from courts in reaching property of a judgment debtor. See Tex.
Civ. Prac. & Rem. Code Ann. § 31.002. The court may order the judgment debtor:
to turn over nonexempt property that is in the debtor’s possession or is subject to the
debtor’s control, together with all documents or records related to the property, to a
designated sheriff or constable for execution or otherwise apply the property to the
satisfaction of the judgment; alternatively the court may appoint a receiver. Tex. Civ.
Prac. & Rem. Code Ann. § 31.002(b).
          
 
          Texas courts do not apply the turnover statute to non-judgment debtors. See,
e.g., Detox Industries, Inc. v. Gullett, 770 S.W.2d 954, 956 (Tex. App.—Houston [1st
Dist.] 1989, no writ) (holding that turnover action against non-debtor corporation to
cancel stock in judgment debtor’s name and to reissue in creditor’s name was
improper); Cravens, Dargan & Co. v. Travers Co., 770 S.W.2d 573, 576 (Tex.
App.—Houston [1st Dist.] 1989, writ denied) (holding that turnover action against
State Board of Insurance for judgment debtor’s licensing deposit was improper); United
Bank Metro, 670 S.W.2d at 284 (holding that turnover action against corporate alter
ego of judgment debtor was improper). 
          The April 6 turnover order recited, in part, that
 
[t]he property that shall be turned over to the Receiver shall
include, but it is not limited to, the following:
 
(1) all right, title and interest of [Holland] as
a beneficiary of the Estate of Pauline
Holland;
 
(2) all right, title and interest, if any, of [the
professional corporation] in the alleged
partnership, the Holland Family Limited
Partnership;
 
(3) all right, title and interest, if any, of
[Holland] in the alleged partnership, the
Holland Family Limited Partnership;
 
(4) all cash, checks, payments or income of
any kind that may be received henceforth
by [appellants], other than current wages.
 
(5) all rent, lease payments or other fees that
may be received henceforth by
[appellants]; this specifically includes
payments by [Driscoll] for office rent at
[the Heights property], deer lease
payments, or other payments;
 
(6) all property and assets of [appellants].
 
It is further ORDERED ADJUDGED AND DECREED that
[Holland’s] beneficial interest in the Estate of Pauline
Holland is a non-exempt asset, intangible in nature, and the
proper subject of this Turnover Order. The Court finds that
[Holland], as the executor of Pauline Holland’s Estate, has
control over the property he has inherited or stands to inherit
from Pauline Holland under the terms of her Last Will &
Testament. Since the assets of the Estate of Pauline Holland
are subject to the control of [Holland] (who is the executor
and beneficiary of Pauline Holland’s Will), and since this
Court has the authority to enforce its own jurisdiction, this
Court retains the right to order third parties who possess
[appellants] property to turn it over to the Receiver. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 227 (Tex.
1991).
 
(Stuck-though text is the complained-of language struck by trial court.)
          Appellants’ argument that the trial court usurped the probate court’s jurisdiction
appears to be premised on the view that the portion of the turnorder order mandating
that Holland, in his individual capacity, turn over any assets that he received as
beneficiary under Pauline’s will was tantamount to an order mandating that he, as the
will’s executor, distribute Pauline’s assets in a certain way. Appellant’s view is
mistaken. The April 6 turnover order specifically provided that Holland turn over “all
cash, checks, payments or income of any kind that may be received henceforth by
[Holland, among others], other than current wages” and “all rent, lease payments or
other fees that may be received henceforth by [Holland, among others], including
payments by [Driscoll] for office rent at [the Heights property], deer lease payments,
or other payments.” (Emphasis added.) The turnover order further provided that
Holland turn over “all right, title and interest of [Holland] as beneficiary of the Estate
of Pauline Holland” and “all right, title and interest, if any, of [Holland] in the alleged
partnership, the Holland Family Limited Partnership,” which was also a named
beneficiary under Pauline’s will (although the trial court, in the October 6 turnover
order, had declared that that family partnership did not exist). Thus, the trial court’s
April 6 turnover order did not order Holland in his capacity as executor to distribute
anything from Pauline’s estate, but instead provided what Holland, as an estate
beneficiary, was to do with the assets after he received them. Accordingly, even if a
turnover order could be invalid for ordering an estate’s executor to distribute assets so
that they might be used to satisfy a judgment—a matter that we need not decide—the
turnover order here did not do that. Finally, although appellants also argue, under this
issue, that the turnover order was invalid or unenforceable for conflicting with an order
 
 
of the probate court, appellants identify no such order, and the record does not reveal
any such order.



          Appellants further argue that the language that the trial court struck from its
April 6 turnover order rendered that order conflicting, vague, and unenforceable. In
their reply brief, appellants specifically contend that the portion of the April 6 turnover
order that states “whatever interest Holland may have as a beneficiary” fails to identify
anything because “‘whatever’ is sufficiently vague, alone.” Appellant also argues that
“[i]t is impossible to determine what that means or how to convey ‘it’.” We disagree. 
The struck portions of the April 6 turnover order were those that declared that Holland,
as independent executor, had current control over the estate property that he would
inherit as an estate beneficiary. The remainder of the April 6 turnover order, in
contrast, concerned, in regard to Holland, the assets that he would receive personally
as a beneficiary of the estate. The deletion of the struck portion was thus consistent
with the rest of the turnover order’s provisions concerning Holland individually. In
fact, the language that the trial court struck made it clear that the April 6 turnover order
did not concern Holland as executor of Pauline’s estate—a conclusion that further
undermines appellants’ contention that the order somehow usurped the probate court’s
jurisdiction by requiring the executor to distribute various assets.
          We hold that the trial court’s April 6 turnover order was not void or
unenforceable for the reasons that appellants argue.
          We overrule appellants’ fourth point of error.
Appointment of Receiver
          In their fifth point of error, appellants argue that “[t]he trial court erred in the
appointment of a receiver.” Specifically, appellants argue that the right to appoint a 
 
receiver falls within the jurisdiction of a probate court and not the trial court and that
there was no proof that a receiver was proper or necessary.
          Section 31.002(b)(3) of the Civil Practice and Remedies Code allows the trial
court to appoint a receiver with the authority to take possession of non-exempt
property, to sell it, and to pay the proceeds to the judgment creditor. Tex. Civ. Prac.
& Rem. Code Ann § 31.002(b)(3). The “traditional requirements” for the appointment
of a receiver are inapplicable in a post-judgment turnover proceeding. Childre v. Great
Southwest Life Ins. Co., 700 S.W.2d 284, 288 (Tex. App.—Dallas 1985, no writ).
Indeed, if the Texas Legislature had intended for the appointment of receivers in
turnover proceedings to meet the requirements of the receivership statutes, it would
have provided for or at least referred to these requirements in the turnover statute. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 31, 64 (Vernon Supp. 2005). Because the
turnover statute does not provide specific requirements for the appointment of a
receiver, this decision falls within the trial court’s discretion.
          Here, for more than two years


 after the trial court first entered the default
judgment that created the debt, appellees were still not able to collect on the judgment. 
On January 3, 2005, appellees filed an application for supplemental turnover relief and
for appointment of a receiver. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b);
see also Newman v. Toy, 926 S.W.2d 629, 630 (Tex. App.—Austin 1996, writ denied).
Appellants do not cite any authority to support their claim that the trial court could not
appoint a receiver. Because the trial court appointed a receiver to take possession of
appellants’ non-exempt property, to sell it, and to pay the proceeds to appellees, the
trial court was the proper place to seek receivership. See Tex. Civ. Prac. & Rem.
Code Ann § 31.002(b)(3). Given these circumstances, we hold that the trial court
acted within its discretion in appointing a receiver.
          We overrule appellants’ fifth point of error.
Amount of Bond
          In their sixth point of error, appellants argue that “[t]he trial court erred in
requiring a bond in the amount of only one hundred dollars ($100).” Specifically,
appellants argue that the $100 bond was not reasonable because the amount of property
for which the receiver would be responsible was disproportionate to the bond amount.          Because the underlying obligation has been determined by final judgment, the
judgment debtor will not be harmed if no bond is required. Childre, 700 S.W.2d at 289
(quoting Hittner, David, Texas Post-Judgment Turnover & Receivership Statutes, 45
Tex. Bar J., 417, 420 (Apr. 1982)). The only possible rationale for requiring a
receiver’s bond in a post-judgment turnover proceeding is to indemnify the receiver
against possible claims. Id. Consequently, appellants cannot assert that they were
prejudiced by the trial court’s appointment of a receiver with only a $100 bond. See
id.
          We hold that the trial court did not abuse its discretion in setting a $100 bond for
the appointed receiver.
          We overrule appellants’ sixth point of error. 
 
Conclusion
 
 We affirm the judgment of the trial court. 
 
 
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Higley, and Bland.